## Ella D. Harper, Administratrix, Appellee, v. Owen H. Fay Livery Company, Appellant.

### Gen. No. 17,950.

1. EVIDENCE—*presumption that services are rendered for compensation.* There is a rebuttable presumption of law that where services were rendered by one in his calling, trade or profession, the person rendering such services did so for a compensation to be paid to him.

2. EVIDENCE—*presumption that livery company's carriage was hired by or for occupant.* Where a person returning from a funeral in a conveyance belonging to a livery company engaged in the business of letting conveyances and drivers for hire, and driven by the company's driver, is killed in a collision, and in an action against the company there is no evidence by the other occupants of the conveyance or by any one that the conveyance was hired, it will be presumed that it was hired by the intestate or by some one in his behalf, especially as the company, who alone knew the circumstances of the letting, offered no testimony on the question.

Appeal from the Superior Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed January 28, 1913. Rehearing denied February 11, 1913.

WILLIAM D. MUNHALL, for appellant.

WILLIAM B. JARVIS, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This is an appeal from a judgment recovered in an action brought by Ella D. Harper, administratrix of the estate of Henry Harper, Jr., deceased, against the Owen H. Fay Livery Company, and the receivers of certain railroads, to recover damages on behalf of the next of kin of said deceased, by reason of the death which it was alleged was caused by the negligence of defendants.

The declaration avers general negligence against de-

fendants. The general issue was filed by the defendants. On the trial the jury returned a verdict in favor of the plaintiff against the livery company, assessing plaintiff's damages at the sum of $6,500, and finding the receivers of the respective railroads not guilty.

Appellant urges that there is no proof of the hiring of the horses and carriage in which the deceased was riding at the time of the accident or collision. The evidence tends to show that the collision occurred at about 5:30 P. M., January 15, 1909. The carriage in which the deceased, with others, was being conveyed, was proceeding south on Douglas boulevard on the north side of the railroad track. Douglas boulevard is a public thoroughfare running north and south, 300 to 400 feet in width. The boulevard was crossed by the railroad of the Chicago Terminal Transfer Railroad Company. The Great Western Railway Company operated its trains on this road. The course of the tracks was east and west. The intestate, Harper, together with Burke, Hohenadel and Kruse, were returning from a funeral at Concordia Cemetery in a conveyance belonging to appellant, and driven by one Johnson, appellant's driver. Appellant was in the general livery business, letting out horses and carriages and automobiles. The carriage started out from appellant's place of business and conveyed the parties to the Concordia Cemetery on the occasion of a funeral. On the return from the funeral, the driver stopped at various places as directed by the people in the carriage. There was no testimony offered by appellant as to how or when the carriage was hired, or by whom.

As the carriage approached the railroad crossing, the cover was up and the occupants were engaged in conversation. They heard some one shouting, and felt the effect of the collision of the tongue of the carriage with the third car in the train from the engine. The train consisted of about 14 cars going west on the middle or west-bound track. The team became fright-

ened and turned west and ran down the right of way of the railroad company. Henry Harper, Jr., the deceased, with the other occupants, alighted from the carriage. Harper, the deceased, in doing so, was struck by a truck or some portion of the train, receiving the injuries from which he died.

In our opinion, there is a presumption of law that where services are rendered by one in his calling, trade or profession, that the person rendering such services did so for a compensation to be paid to him. This is a disputable presumption which stands and is controlling unless rebutted. It is founded upon the experience of human conduct in the course of trade. The evidence shows that the livery company was engaged in the business of letting carriages and drivers for hire. The intestate was using the carriage as is usual by one who hires a carriage and driver of a liveryman. The three other occupants of the carriage testified that they did not hire the rig. The only remaining occupant, the intestate, or some one else in his behalf, must be presumed to have hired the carriage, and especially is this so when the appellant, who alone knew the circumstances of the letting of the carriage, offered no testimony on that question. Greenleaf on Evidence (6th Ed.) chap. 4, secs. 33, 34, 38.

In Pittsburgh, Ft. W. & C. Ry. Co. v. Callaghan, 50 Ill. App. 676, it was said: ''In such a case the general course of business may be judicially noticed on the principle quoted in Fisher v. Jansen, 30 Ill. App. 91, that 'courts will not pretend to be more ignorant than the rest of mankind.' * * * Weak evidence becomes strong by the neglect of the party against whom it is put in, in not showing by means within easy con trol of that party, that the conclusion drawn from such evidence is untrue. Great Western R. Co. v. Bacon, 30 Ill. 348; Germ. Fire Ins. Co. v. Klewer, 129 Ill. 559.'' We think the undisputed facts raise a presumption that appellant was hired to convey the deceased to the funeral and return.

Appellant contends that the trial court erred in giving instructions 1, 5 and 6 requested by the plaintiff. We have examined these instructions, together with the other instructions given in the case, and we think that, taking all the instructions together, it appears that the jury were fairly instructed on the material points which were in issue and in dispute on the trial. It is urged as to the first instruction that there was no evidence to base it upon, because there was no evidence, express or implied, of any hiring of the carriage by Harper or by any one in his behalf. We have sufficiently covered that point in what we have said above. We find no material error in the instructions objected to.

Upon a review of all the evidence, we think the verdict of the jury against appellant is clearly sustained by the evidence in the record.

The judgment is affirmed.

*Affirmed.*