William Bolger, a minor, Appellee, v. City of Chicago, Appellant.

Gen. No. 20,854.

1. MUNICIPAL CORPORATIONS, § 1098*—*when evidence sufficient to establish prima facie case of negligence in maintenance of sewer conduit.* In an action by a pedestrian against a city for damages for personal injuries sustained as a result of an explosion of sewer gas in a sewer conduit which also contained an electric system, as he stepped on the cover of a manhole while crossing the street, evidence *held* sufficient to establish a prima facie case of negligence.

2. APPEAL AND ERROR, § 1466*—*when admission of evidence harmless error.* In an action by a pedestrian against a city for damages for personal injuries sustained as a result of an explosion of sewer gas in a sewer conduit, which also contained electric wires, when plaintiff stepped on the cover of the manhole, *held* that the admission of evidence, in behalf of plaintiff, as to facts and circumstances which might or could have given rise to the accident was not prejudicial where it was merely cumulative, and the defendant had not offered any evidence tending to explain the accident or the circumstances in which it occurred.

3. APPEAL AND ERROR, § 717*—*when contention on matter not in record will not be considered.* In the absence of evidence in the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

record tending to show a state of facts, a contention based on such state of facts will not be considered by the Appellate Court.

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed February 19, 1916. *Certiorari* denied by Supreme Court (making opinion final).

WILLIAM H. SEXTON and N. L. PIOTROWSKI, for appellant.

GORMAN, POLLOCK, SULLIVAN & LIVINGSTON, for appellee.

MR. JUSTICE GOODWIN delivered the opinion of the court.

This appeal was taken by the City of Chicago, hereinafter referred to as defendant, to reverse a judgment for $7,500 recovered against it by William Bolger, a minor, hereinafter referred to as plaintiff.

It appears from the evidence that as the plaintiff stepped on a square manhole cover while crossing Center street, an explosion underneath the manhole occurred; the cover was blown in the air, plaintiff fell in the opening with his hands on the edge of the manhole, and the cover came down on his hands, injuring the right hand to such an extent that it had to be amputated at the wrist, and leaving the left hand badly cut and lacerated. The manhole cover was solid, unventilated, about twenty-eight by thirty-two inches in size, and weighed one hundred and eighty pounds. The explosion was quite evidently caused by the ignition of gases contained in the chamber underneath the street which ran from manhole to manhole. There were electric wires placed in this chamber, and beneath the surface of the street there were also gas mains and sewer pipes. The testimony further showed that there had been an odor of gas in the street in the neighborhood of this manhole for some time prior to

the accident; that after the accident there was an odor of sewer gas in the chamber where the accident occurred, and that sewer gas, when mixed with air, is explosive, and that this is true of illuminating gas also. From the evidence italicized in the defendant's brief it would appear that there is usually some sewer gas in the chambers underneath the street, and that its presence can be detected at the manholes. No evidence was offered on behalf of the city except that of an official from the United States weather office in Chicago, which was to the effect that on the afternoon in question it was raining from two minutes to three until five minutes after three o'clock p. m., about two hours before the accident. This evidence was received by agreement out of its order, but when, at the proper time, the city was called upon to proceed with the offer of its evidence, its counsel said: "I will state in the record that the city declines to put in any evidence.

The city contends that the evidence was not sufficient to sustain a verdict. The defendant pleaded only the general issue which admitted the allegations of the plaintiff in regard to defendant's ownership and control of the street, the conduit underneath it, and the electric lighting system placed therein. The question, therefore, is, do the undisputed facts in the record establish a liability on the part of the defendant?

It is a very ancient and salutary principle of law, that where one has charge or management of a thing in connection with which an accident happens, which in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of proper care; that in case of such an accident the duty of explanation is thrown upon those having charge of the thing, particularly when information concerning the thing itself is within the particular or peculiar knowledge of the defendant. We realize that

this statement of the rule is very general in its terms, and not applicable, perhaps, to every case coming within the letter of the language used. It therefore becomes our duty to consider whether it applies in the case at bar. A somewhat similar question arose in *Illinois Cent. R. Co. v. Phillips,* 49 Ill. 234. There the plaintiff had been injured through the explosion of a boiler, and it was urged that the court erred in giving the following instruction, which appears on page 239:

"The mere fact that the boiler of the engine in question exploded, causing injury to the plaintiff, is not, in this case, and under the relations existing at that time, between the plaintiff and the defendants, as set forth in the declaration, even prima facie evidence of negligence, or want of due and proper care on the part of the defendants, either in respect to the condition or management of said engine; and the jury are not authorized to find the existence of such negligence, or want of due and proper care, from the mere fact of such explosion and injury."

The court held that it was improper to say that the explosion was not prima facie evidence of negligence which cast the burden of explanation upon the defendant. The question again came before the court in *Illinois Cent. R. Co. v. Phillips,* 55 Ill. 194, and the court adhered to its former opinion, saying at page 199: "This court held in this case, in 49 Ill. *supra,* that the mere fact that the boiler exploded was prima facie evidence of negligence; and that the burden of disproving the negligence was thrown upon the company."

The question, then, is, as to whether there is anything in reason which distinguishes, in principle, the case at bar from the cases cited, and whether there is any rule of public policy which forbids the application of the general doctrine stated above to the case of explosions occurring underneath the street. We know, as a matter of law, that the entire and complete control

of the surface of the street and everything underneath it is vested in the City of Chicago. On the face of this record it is admitted that the manhole, the manhole cover, the conduit and the electric wires placed therein and the sewer mains were the property and under the management and control of the defendant. It further appears that explosive gases usually do collect in such conduits and had collected in the conduit in question at and for some time prior to the time of the accident, and that their ignition was its cause. Knowledge concerning the wires, conduits, sewers, gas mains, etc., beneath the surface of the street is, as between the city and any inhabitant, peculiarly within the knowledge of the former. As streets are, of necessity, constantly used by all of its inhabitants, and as the safety of the public is a matter which the law considers of paramount importance, the duty of the city to use ordinary care to see that the safety of the public is not endangered as the result of its arrangement and management of the instrumentalities beneath the street is, of course, indisputable. When, therefore, an accident happens through an explosion in one of the chambers beneath the surface of the street,—an accident which, admittedly, ordinarily would not happen if those who had charge exercised proper care—may the city, when this proof is made, say: ''It is for you, who can have no definite knowledge in regard to the real cause of this accident, to demonstrate to the jury what its precise origin was, and in what definite particular those who had charge were negligent''? It is obvious that the adoption of such a principle would put in jeopardy the lives and safety of the inhabitants of a municipality, and leave them without practical means of redress. Upon a careful consideration of the question, therefore, we are firmly of the opinion that the principle which throws upon the owners of a boiler or an engine the burden, not necessarily of explaining the origin of an explosion, but of showing facts and circumstances

which would rebut the inference of negligence, applies with even greater force to the case of explosions in conduits beneath the public streets. It follows from this that as the evidence disclosed by this record made out a prima facie case against the city, and the city expressly declined to offer any explanatory proof whatever, the plaintiff was entitled to judgment.

The plaintiff also offered evidence as to circumstances which might or could have given rise to the accident, and as to how it might have been prevented; the defendant contends that the admission of this evidence was not proper. Had the city offered any evidence tending to explain the accident or the circumstances in which it occurred, this objection might have some weight, but in view of its refusal to present any evidence at all, as the evidence complained of was, at best, merely cumulative, its admission would not in any way prejudice the defendant.

We notice also that on the question of the construction of the solid, unventilated manhole cover the defendant contends that it could not be considered as evidence of negligence, as the city is not liable where it exercised a *quasi* judicial discretion in the adoption of a plan of construction. Without discussing the merits of the principle contended for, as applied to this case, it is sufficient to say that there is not a particle of evidence in the record tending to show that the presence of the solid, unventilated cover was due to the adoption of a plan of construction.

For the reasons indicated, the judgment of the Superior Court will be affirmed.

*Affirmed.*