**Jack Cope, Appellee, v. Air Associates, Inc., Appellant.**

**Gen. No. 37,863.**

Opinion filed December 27, 1935.

Hoyne, O'Connor & Rubinkam, of Chicago, for appellant; Nathaniel Rubinkam and William S. Allen, of Chicago, of counsel.

Lloyd T. Bailey, of Chicago, for appellee.

Mr. Justice Hebel delivered the opinion of the court.

This is an action by the plaintiff against the defendant to recover damages for injuries sustained by him on the 25th day of July, A. D. 1931, due to the negligent and improper preparing and folding of a parachute by the defendant, which was used by the plaintiff in making a parachute jump from an airplane more than 2,500 feet in the air.

Upon a trial of the cause before the court and a jury, judgment was entered against the defendant for $5,000 and costs, and upon petition for leave to appeal, this court granted such appeal.

It is alleged in plaintiff's declaration that plaintiff was injured by reason of the failure of a parachute to open and retard the fall of the plaintiff when he jumped from an airplane; that the plaintiff at the time of the accident had five years' experience in this work,

and at the time was in the exercise of ordinary care and caution for his personal safety; that the defendant knew that the parachute was loaned and delivered to the plaintiff to be used for the purposes intended, and it became the duty of the defendant by its agent to use the highest degree of care in preparing, packing and folding said parachute; that the defendant failed to properly prepare, pack and fold said parachute so that the parachute failed to operate when the plaintiff jumped from the airplane, and by reason of the failure of the parachute to open, the plaintiff was caused to fall to the earth and thereby injured.

To this declaration the plaintiff filed a plea of not guilty.

The defendant contends that the plaintiff failed to prove any negligence on the part of the defendant or its agents or servants in preparing, packing, arranging and folding said parachute.

The facts as they appear from the record are, in substance, that the plaintiff carried two parachutes, which were attached to his body and which were contained in two enclosed separate packs; that when the plaintiff pulled what is known as a rip cord the packs were released and the parachutes dropped from the packs. The parachute is known as a Russell Lobe type. The conventional parachute has a top which forms a round effect, but the "Lobe" chute, so-called, has the top pulled down flat, and in order to give this full effect, there are four cords that extend from the top of the parachute, which are shorter than the cords which run to the edge of the parachute, and as the parachute opens, the four cords, being shorter, cause the top to be flat. The parachute when released unfolds and the cover top, by the descent, fills with air; that the plaintiff after he had reached a height of about 2,500 feet in the airplane, jumped out and descended a number of feet, pulled the rope attached to the pack in which

the parachute was placed, and in doing so it opened and the parachute was released only in part; that when the plaintiff observed that the parachute did not fully open he pulled the rip cord attached to the pack containing an emergency parachute, and this parachute did not open. It was tangled in the ropes attached to the parachute when the plaintiff landed and was injured.

The facts indicate that the parachute did not open and fill with air so as to retard the speed and prevent the force of the fall.

It also appears that when these packs were delivered by the defendant to the plaintiff, they were not open for inspection by the plaintiff, although there is evidence that they were packed by a licensed rigger and that the defendant knew or should have known the use to which the parachutes were put, and that the parachute should be properly packed for use by the plaintiff; that in the use of the parachutes, not alone of the larger one, but also of the emergency one, they did not operate for the purposes intended. The Supreme Court laid down the rule of conduct applicable where the question of negligence is involved, in the case of *O'Rourke v. Marshall Field & Co.*, 307 Ill. 197, as follows:

."The doctrine of *res ipsa loquitur* does not, as is supposed, apply to this case. It does not apply where there is evidence of specific negligence. That doctrine is that while negligence is not, as a general rule, to be presumed, yet where the injury occurs as the proximate result of an act which under ordinary circumstances would not, if done with due care, have injured anyone, the case is taken out of the general rule and becomes one in which there is a presumption of negligence; also where the instrument effecting the injury is shown to be under the management of the one charged with negligence or his servants and the acci-

dent is such as in the ordinary course of things does not happen if those who have the management of such instrument use proper care, such fact affords reasonable evidence, in the absence of explanation by the defendant, to raise the presumption that the accident arose from negligence on the part of the one having the management of such instrument.'' And as we have already indicated in this opinion, it was for the jury to determine from all of the evidence and circumstances in the case whether the defendant was guilty as charged in plaintiff's declaration.

There is evidence that a witness called by the defendant testified that he was a parachute rigger, licensed by the United States Department of Commerce, and that the witness prepared the parachute used by the plaintiff; that the method used by the witness was the usual method used in packing parachutes, and was the same method he used in packing 500 other parachutes. From his evidence it also appears that the defendant delivered the second parachute on the same day, and that this parachute was packed sometime within 30 or 40 days prior to the time the witness packed the parachute that failed to operate, and was a parachute the same size as the first one; that based upon his experience as a parachute rigger, it was impossible to tell from the outside of a parachute casement whether or not that particular parachute was properly or improperly packed, and that if a parachute is properly packed, it opens in the air and the parachute is all the man has to depend upon when he jumps out of the plane. Therefore, the question here to be determined is whether the evidence is sufficient to sustain plaintiff's declaration, wherein it is alleged that the defendant failed to properly prepare, pack and fold the parachutes, and by reason thereof the parachutes failed to operate when the plaintiff jumped from the plane.

It is true that the plaintiff is required to prove the allegations of his declaration. The evidence establishes that the plaintiff in descending from the airplane at the height testified to properly used the means afforded to open the parachutes in order to retard the speed of his fall. It is well to bear in mind that when the parachute opens in the air it is all the parachute jumper has to depend upon to retard the speed of his descent after he jumps out of the plane, and whether or not the parachutes failed to open when operated was a question for the jury. The facts were before the jury, and from the evidence it appears that the two parachutes operated by the plaintiff and furnished to him by the defendant did not open so as to retard the speed of his fall. The defendant knew the purposes for which these parachutes were furnished, and the care required of the defendant was such as an ordinarily prudent person would use in packing these parachutes, and such degree of care as was commensurate with the circumstances surrounding the use of the parachutes, and we are of the opinion that there is sufficient evidence from the facts and circumstances for the jury to determine whether the parachutes used by the plaintiff were properly packed, and this evidence supports the allegations of plaintiff's declaration.

The contention is made that the court admitted evidence that an emergency parachute was furnished by the defendant, and that this evidence was not permissible under the allegations of the declaration, for the reason that the declaration alleged that the parachute was not properly packed. The answer suggested by the plaintiff is this: If the plaintiff had failed to operate the emergency parachute furnished him by the defendant, it could well be maintained that he was guilty of contributory negligence in not using this emergency parachute when he, according to his evi-

dence, observed that the parachute released by him did not fully fill with air and appeared to be tangled with the ropes attached to this parachute.

We believe that it was the duty of the plaintiff to use this emergency parachute when the other parachute released by him failed to fill with air, and had he failed to do so he would have been charged with contributory negligence, as suggested by the plaintiff. We are of the opinion that the admission of this evidence was not error such as would justify a reversal.

The judgment is affirmed.

*Judgment affirmed.*

HALL, P. J., and DENIS E. SULLIVAN, J., concur.