Frank Arado et al., Appellants, v. Michael Epstein and Joseph Epstein, Trading as Kedzie Plumbing and Heating Company, Appellees.

Gen. No. 42,856.

Opinion filed May 23, 1944.

JULIUS S. NEALE, of Chicago, for appellants; WALTER E. MOSS, of Chicago, of counsel.

BURT A. CROWE, of Chicago, for appellees.

MR. JUSTICE SCANLAN delivered the opinion of the court.

In a tort action there was a trial before the court and a jury, and at the conclusion of plaintiffs' case the trial court, on motion of defendants, directed the jury to return a verdict finding defendants not guilty. From a judgment entered upon the verdict plaintiffs appeal.

The complaint alleges that Frank Arado and Sam Arado, plaintiffs, were the owners of certain real estate situated in Chicago; that the premises were improved with a one story brick building and basement, which were leased to Sol Greenblatt and J. Dolin, doing business as Three Corner Liquor Store, plaintiffs, who were in possession and control of the premises on December 1, 1941, and that on said date they entered into an oral agreement with defendant Kedzie Plumbing & Heating Company, a corporation, to make certain improvements, alterations and repairs in the basement of said premises and to install a sump pump so that the basement of the premises would be at all times in a dry condition in order that plaintiffs might store their goods, wares and merchandise therein; that on December 17, 1941, defendant corporation, through its agents or servants, was in the exclusive possession and control of the basement of the premises and it then and there became and was the duty of said defendant to make the installation and do the repair work so as

not to endanger or injure the premises of plaintiffs; that on said date the defendant, wholly disregarding its duty as aforesaid, was then and there using a lighted plumber's furnace or blow torch and other equipment in such a careless, negligent and reckless manner so that the premises of plaintiffs became ignited and said premises were then and there partly destroyed by fire; that all of said plaintiffs were at all times in the exercise of due care and caution for the safety and preservation of said premises, which were in a first class condition before the fire; that as a direct and proximate result of the negligence of said defendant, through its agents or servants, the fire from defendant's lighted equipment, as aforesaid, ignited said premises and a fire broke out, as a result of which fire the personal property of plaintiffs Sol Greenblatt and J. Dolin, doing business as Three Corner Liquor Store, consisting of their stock and equipment, was greatly damaged and destroyed, and the building of plaintiffs Frank Arado and Sam Arado was then and there ignited and broke out into fire, and as a result of the fire the building was greatly damaged and destroyed, and all of plaintiffs sustained damages. The complaint then alleges the damages sustained by the various plaintiffs. The material parts of defendants' answer are: ". . . (2) These defendants admit that they entered into an agreement with Sol Greenblatt and J. Dolin to make certain improvements, alterations and repairs in the basement of the premises described in the plaintiff's complaint. (3) These defendants deny each and every allegation in the plaintiff's complaint except the allegations herein expressly admitted and say that they were not, nor were either of them, guilty of any of the acts charged by the plaintiffs in their complaint; that the accident and damages, if any, arising therefrom were not caused through any negligence or carelessness on the part of these defendants, their agents or servants; that they did no act nor omitted

to do any act which in any way caused the accident and damage complained of.''

" 'A motion to instruct the jury to find for the defendant is in the nature of a demurrer to the evidence, and the rule is that the evidence so demurred to, in its aspect most favorable to the plaintiff, together with all reasonable inferences arising therefrom, must be taken most strongly in favor of the plaintiff. The evidence is not weighed, and all contradictory evidence or explanatory circumstances must be rejected. The question presented on such motion is whether there is any evidence fairly tending to prove the plaintiff's declaration. In reviewing the action of the court of which complaint is made we do not weigh the evidence, —we can look only at that which is favorable to appellant. *Yess v. Yess,* 255 Ill. 414; *McCune v. Reynolds,* 288 id. 188; *Lloyd v. Rush,* 273 id. 489.' (*Hunter v. Troup,* 315 Ill. 293, 296, 297.)'' (*Mahan v. Richardson,* 284 Ill. App. 493. See, also, *Wolever v. Curtiss Candy Co.,* 293 Ill. App. 586, 597; *Cooper v. Safeway Lines, Inc.,* 304 Ill. App. 302, 312, 313; *McCarthy v. Rorrison,* 283 Ill. App. 129.)

The premises in question consist of a one story three cornered brick store building with basement, at 2201 South Pulaski road, Chicago. The front of the building is on Pulaski road, one side is on 22d street, and the other side on Ogden avenue. The building is about seventy-five feet long. The only entrance to or exit from the basement was through a 6 x 3 trap door at the back or east part of the building, where it comes to a point. There was a wooden stairway from the basement to the trap door. There were no windows in the basement and the ventilation of the basement was through the trap door and a number of open granite slots about one and one-half inches wide in the bulkhead, about nine or ten feet from the basement floor. The building was owned by Frank and Sam Arado, plaintiffs, and the tenants, Sol Greenblatt and Joseph

Dolin, doing business as the Three Corner Liquor Store, plaintiffs, had operated a liquor store in the building since the repeal of the Eighteenth Amendment. They stored their liquors, empty barrels, and wooden cases filled with empty bottles in the basement. There was no heating arrangement in the basement. It was equipped with electric lights and had a cement floor from wall to wall. The floor slanted toward several small holes in it, where the water drained off. The basement was always damp and wet; water seeped in, and in heavy rainstorms water backed up in the basement and it became "smelly." Three weeks before the fire the tenants employed defendants to install a sump pump and sewer system, at a cost of $425, that would eliminate the water in the basement and prevent flooding. The fire occurred on December 17, 1941. Defendants started work a day or two before the fire. On the day before the fire there was no gas in the basement and it was in good shape. When Dolin opened the premises at 8:30 a. m. on December 17, one of the employees of defendants, Israel Turner, was waiting outside with his tools. Dolin warned him to be very careful with cigarets and fire, because there was alcohol in the basement, and Turner answered that he had been in the plumbing business twenty-five years, knew his business, and did careful work. He then went into the basement and started to work. A second employee of defendants, who was burned to death in the fire, came about nine o'clock and went to work in the basement. Joseph Epstein, one of the defendants, came about 9:45 or 10 o'clock a. m. and went into the basement. No one but Epstein and the two workmen were in the basement. About 11 o'clock, while Dolin was in the front part of the shop waiting on customers, Epstein suddenly jumped out of the trap door from the basement. He was hollering, "Fire," and fire was coming from the basement. Dolin tried to call the fire department but the fire became so hot that he had to

rush from the place. The fire lasted for an hour and a half and the damage to the store and fixtures of Sol Greenblatt and Joseph Dolin amounted to $13,532.33, and the loss to the owners of the building amounted to $2,101.60.

A number of contentions are raised by plaintiffs in support of their claim that the court erred in directing a verdict for defendants and in entering judgment upon the verdict, but in our view of this appeal it is only necessary to consider one. Plaintiffs contend that "there was a fire in the basement of plaintiffs' premises. It occurred while the defendants were in the exclusive possession and control of that basement using their own tools and materials furnished by them, and doing the work necessary to install a sump pump to drain plaintiffs' basement. The facts relating to the occurrence of the fire were peculiarly within the knowledge of the defendants, and the burden was on them to show that the fire did not occur as a result of any negligence on their part." This contention, in our judgment, is clearly a meritorious one and the trial court erred in assuming, as he did, that the burden was upon plaintiffs to show that the fire occurred as the result of negligence on the part of defendants. The principle of law stated in plaintiffs' contention has been the established law of this State since the early case of *Great Western R. R. Co. v. Bacon*, 30 Ill. 347. The principle is well stated by Mr. Justice Goodwin in *Bolger v. City of Chicago*, 198 Ill. App. 123, 125 (cert. den. id. xii) :

"It is a very ancient and salutary principle of law, that where one has charge or management of a thing in connection with which an accident happens, which in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of proper care; that in case of such an accident

the duty of explanation is thrown upon those having charge of the thing, particularly when information concerning the thing itself is within the particular or peculiar knowledge of the defendant.''

To cite a few of the many other Illinois cases in which that principle has been applied: *Harper v. Owen H. Fay Livery Co.*, 177 Ill. App. 138, 140 (affirmed 264 Ill. 459); *Fugett v. Murray*, 311 Ill. App. 323, 327; *Belding v. Belding*, 358 Ill. 216, 220; *Cope v. Air Associates, Inc.*, 283 Ill. App. 40, 43, 44 (app. den. id. xiv); *Swanson v. S. S. Kresge Co.*, 302 Ill. App. 455, 466. Defendants seek to evade the effect of that principle of law by contending that it is not applicable in the instant case for the reason that plaintiffs in their complaint charge defendants with specific acts of negligence and therefore it became incumbent upon plaintiffs to prove the acts charged. This contention is an afterthought. The motion to direct a verdict filed by defendants, at the suggestion of the court, and before plaintiffs had closed their proof, merely moved the court ''to exclude said evidence, and to instruct the jury to find the defendants not guilty as per the written instruction attached hereto.'' Neither in that motion nor in anything stated by the counsel for defendants at the time he presented it to the court was the point now urged made or suggested. Had it been made plaintiffs would have had an opportunity to amend the complaint. By sec. 42 (3) of the Civil Practice Act [Jones Ill. Stats. Ann. 104.042] it is provided that all defects in pleadings, either in form or substance, not objected to in the trial court, shall be deemed to be waived. In *Britton v. St. Louis Transfer Co.*, 155 Ill. App. 317, the plaintiffs relied upon the doctrine of *res ipsa loquitur*. Upon the appeal to the Appellate Court the defendant contended that the allegations of the complaint were specific and not general, to which contention the court answered (pp. 320, 321):

"It is said in the case in 140 Ill. 495, *supra* [*North Chicago St. Ry. Co. v. Cotton*] : 'Even if it be admitted that the presumption is one of negligence generally, and not of any specific negligence, we think it sufficient to throw upon the defendant the burden of rebutting the specific negligence alleged.' In other words the knowledge of the facts being possessed only by the defendant, it must reveal them and show that it is not guilty of the specific negligence charged, or verdict must go against it. *Besides in order to avail itself of a variance between the original declaration and the proofs, appellant should have specifically pointed out this variance to the court in its motion for peremptory instructions.*" (Italics ours.)

To the same effect is *Union Traction Co. v. Newmiller*, 215 Ill. 383, 386, 387, where the court said: "If there was a material variance between the declaration and the evidence, (which we are unable to discover,) it was the duty of the appellant to call the attention of the court to it, either by objections to the evidence or a motion to exclude the same when the variance became apparent, or in some other way. Such an objection, when raised as a question of law in this court, must have been presented to the trial court and a ruling upon it which this court can review."

It is unnecessary to cite the many cases that hold that where a point of pleadings is raised in this court for the first time it will not be considered unless the pleading in question was fatally defective. From anything that we have said we must not be understood as holding that the complaint is not sufficient to sustain a general charge of negligence. The following rule must also be remembered:

" 'It is not necessary in actions *ex delicto* to prove all the allegations of the declaration. If plaintiff makes out a cause of action by proving the material allegations he is entitled to recover even though there

be other averments of the declaration which are not proved. (*Postal Telegraph-Cable Co. v. Likes*, 225 Ill. 249; *Dunham v. Black Diamond Coal Co.*, 239 id. 457.)' (*Reivitz v. Chicago Rapid Transit Co.*, 327 Ill. 207, 209. See, also, *Weber Wagon Co. v. Kehl*, 139 Ill. 644, 658; *Devine v. Delano*, 272 Ill. 166; *Wood v. Illinois Cent. R. Co.*, 185 Ill. App. 180, 184; *Flis v. City of Chicago,* 247 Ill. App. 128.)'' (*Kovell v. North Roseland Motor Sales*, 275 Ill. App. 566, 581.)

It would be a serious reflection upon the administration of justice if plaintiffs, who suffered large damages through the fire, were denied their day in court through a technicality urged for the first time in this court. There is an affidavit in the record that tends to show that Israel Turner, who was in the basement at the time of the fire and who could have testified as to the cause of the fire, was concealed so that it was not possible for plaintiffs' attorney to serve a summons upon him.

Plaintiffs contend that the trial court committed other errors to their serious prejudice. While there is force in several of the contentions raised we do not deem it necessary to refer specifically to them, as they are not likely to occur upon another trial of this cause.

The judgment of the circuit court of Cook county is reversed, and the cause is remanded for a new trial.

*Judgment reversed, and cause remanded for a new trial.*

FRIEND, P. J., and SULLIVAN, J., concur.