339 F.2d 993
 Donald R. GUMM and Katherine Gumm, d/b/a Mineral Springs
Motel, Katharine Gumm and General Insurance
Company of America, Plaintiffs-Appellants,
v.
NATIONAL HOMES ACCEPTANCE CORPORATION, a corporation,
Defendant-Appellee.
 No. 14436.
 United States Court of Appeals Seventh Circuit.
 Jan. 5, 1965.
 
 Lyle W. Allen, Heyl, Royster, Voelker & Allen, Peoria, Ill., for plaintiffs-appellants, James S. Brannon, Peoria, Ill., of counsel.
 David A. Nicoll, Peoria, Ill., Stanton Babcock, Lafayette, Ind., Robert D. Jackson, Miller, Westervelt & Johnson, Peoria, Ill., Stuart, Branigan, Ricks & Schilling, Lafayette, Ind., for defendant-appellee.
 Before DUFFY, KILEY and SWYGERT, Circuit Judges.
 KILEY, Circuit Judge.
 
 
 1
 This is a diversity case in which plaintiffs are seeking damages for personal injury and property damage, with directed verdict for defendant on the ground that, assuming the negligence of defendant's employee caused the injury and damage, the negligence did not occur within the scope of his employment. We affirm the judgment on the verdict.
 
 
 2
 The facts are not controverted: Defendant's employee Derry set up business quarters in plaintiffs' motel. In his room, in the desk and elsewhere, he had business records and papers; he made numerous telephone calls to, and received calls from, delinquent customers of defendant's mortgage investment business; and he made a daily telephone report to defendant. Sometime after midnight on March 11, 1960, Derry was seen throwing a burning mattress from the outside door of the motel room and the fire which continued in the motel caused the injury and damage complained of in this suit.
 
 
 3
 Plaintiffs seek an extension, in their favor, of the presumption applied under Illinois law, applicable here, to cases of injury negligently caused by non-owner drivers of automobiles. The presumption, raised by proof or admission of the defendant's ownership of the automobile, is that the driver was the servant of the owner and engaged in the owner's business and is sufficient proof prima facie of the responsibility of the owner under the doctrine of respondeat superior. Watt v. Yellow Cab Co., 347 Ill.App. 307, 106 N.E.2d 760 (1952); Paulsen v. Cochfield, 278 Ill.App. 596 (1935); Howard v. Amerson, 236 Ill.App. 587 (1925); see Kavale v. Morton Salt Co., 329 Ill. 445, 160 N.E. 752 (1928). Plaintiffs contend that the presumption extends to other types of property as well, and should be applied here. They rely upon a reference to 'other property' within a general statement of the rule of presumption as to automobiles by the court in McCann v. Davison, 145 App.Div. 522, 130 N.Y.S. 473 (1911), quoted by the Illinois Appellate Court in Howard v. Amerson. This reference to 'other property' was clearly dictum in both the McCann and Howard cases, since both cases involved automobile accidents.
 
 
 4
 No case cited, nor found by us, has extended this presumption to any instrumentality other than automobiles or other vehicles. There is good reason for this limitation. The court in Howard v. Amerson gave as 'a very good reason' for the rule the fact that it should be an easy matter for the owner of an automobile to produce evidence that the driver was not his servant or not engaged at the time of the accident in the owner's business. The reason for the presumption, however, does not rest solely on the basis of convenience. It is based also on the notion that an automobile is a potentially harmful instrument which, when negligently used in the owner's business, is likely to cause harm of the type which has in fact resulted. We think that reason justifying the presumption is not present in the case at hand, and we decline to extend the rule.
 
 
 5
 There is no showing in this case, on the evidence and inferences taken most favorably for plaintiffs, that the motel room, mattress, telephone, papers and records listed by plaintiffs as equipment supplied by defendant to Derry proximately caused the fire, nor that they are, in the ordinary course of events, when used in defendant's business, potentially instrumental causes of fires as an automobile in the ordinary course of events may be the instrumental cause of a collision.
 
 
 6
 The cases of Arado v. Epstein, 323 Ill.App. 194, 55 N.E.2d 561 (1944), and Edmonds v. Heil, 333 Ill.App. 497, 77 N.E.2d 863 (1948), cited by plaintiffs, do not support their position. In both cases a presumption of negligence was raised under the doctrine of res ipsa loquitur. The application of that presumption depends upon a showing that the injury complained of is of a type which would ordinarily not occur if the defendant had exercised proper care of the thing involved. But there is no room for the application of that doctrine in this case, since defendant's responsibility for Derry's lack of care has not been established.
 
 
 7
 Since plaintiffs have failed to prove an essential element of their prima facie case against defendant, and since no presumption that Derry was acting within the scope and in the course of his employment is available to supply this deficiency, the direction of the verdict against plaintiffs was proper.
 
 
 8
 Judgment is affirmed.