(No. 5058- ▮▮▮▮▮▮▮▮▮▮▮▮)

ERIKA GITNER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 20, 1965.*

ROSENGARD AND HECHT, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; SAMUEL I. NEIBERG AND GERALD S. GROBMAN, Assistant Attorneys General, for Respondent.

PEZMAN, J.

From the evidence introduced by claimant at the hearings herein, it appears that Dempster Street in Niles, Illinois is a four-lane highway for two-way traffic. It is known as State Aid Route No. 123, and, as such, is under the jurisdiction and control of the State of Illinois. On April 12, 1962, at approximately 3:30 P.M., the weather in Niles, Illinois was drizzling. In the section of the highway from about 30 to 90 yards west of the Milwaukee Road overpass on Dempster Street the stated speed limit was 45 miles per hour. At that time and place claimant, Erika Gitner, was driving a 1959 Oldsmobile vehicle in an easterly direction

on State Aid Route No. 123. She was in the east bound inner lane (that lane closest to the center line), and was traveling at a speed of about 35 miles per hour. She noticed nothing unusual about the roadway in front of her vehicle. There were no holes, excavations, craters, warning signals or devices apparent in either of the two east bound lanes. There were other vehicles proceeding east in front of her, occupying the two lanes available for east bound traffic. These vehicles passed over that portion of the roadway where the accident herein complained of occurred without any unusual events.

As the claimant's automobile passed over that portion of the roadway approximately 30 yards west of the Milwaukee Road overpass, the roadway suddenly and without warning collapsed. This collapse caused Mrs. Gitner's vehicle to veer temporarily out of control in a northerly direction into the path of the oncoming west bound traffic. Mrs. Gitner quickly pulled her car back to the right (south), and it unavoidably collided with the south wall of the Milwaukee Road overpass. Upon inspection of that portion of the roadway where the collapse occurred, a crater approximately 12 feet long and 5 feet wide was found. The evidence does not show how deep the crater was.

After this occurrence claimant experienced a feeling of fright and shakiness. She was taken home by two Illinois State troopers, who were traveling behind her vehicle at the time of the accident. Upon arriving home Mrs. Gitner recovered somewhat from her feeling of nervousness and fright, and then began to experience severe pain in various parts of her body, including her neck, shoulder, back, head and arms.

The next day she was taken to the offices of Drs. Franz Steinitz and Henry Heller, 3653 West Lawrence, Chicago, Illinois, by her husband for an examination. The examination

revealed pain and tenderness of the cervical spine, right trapezius muscle and dorsal spine, particularly in the area of the 8th, 9th, 10th and 11th vertebrae. X-rays of Mrs. Gitner revealed a loss of normal lordosis in the cervical spine. The treatment rendered to Mrs. Gitner consisted of analgesics, diathermy, massage and B-12 injections. It was necessary for the doctors to render treatment, as described, to claimant on twelve different occasions during the period from April 13, 1962 to May 26, 1962. Thereafter she received a bill for $158.00, which included charges for the examination, x-rays and treatments. At the time of the hearings Mrs. Gitner was still experiencing, to some degree, the symptoms for which she was treated by Drs. Steinitz and Heller.

In addition to the medical expense, claimant had to pay $150.00 for a full-time maid to stay at her residence for two weeks after the accident, and do the housework claimant was unable to do herself.

Claimant contends that her evidence is sufficient to raise a rebuttable presumption or inference of negligence on the part of respondent under the doctrine of res ipsa loquitur, and that she is entitled to an award of $10,000.00, inasmuch as respondent introduced no evidence to. overcome or rebut the presumption. Respondent on the other hand takes the position that the doctrine of res ipsa loquitur has no application to a public authority; that claimant must show that the State had either actual or constructive knowledge of a dangerous condition; and, that claimant has failed to maintain her burden of proof of such actual or constructive knowledge. There is no claim by anyone, or any evidence, that claimant was guilty of contributory negligence. The issue presented, therefore, is whether the doctrine of res ipsa loquitur is applicable.

The Court is of the opinion that the doctrine of res ipsa

loquitur is applicable to a public authority in Illinois, and should be applied in this case. *Charles M. Kenney, Administrator of the Estate of Steve Bolf, Deceased,* vs. *State of Illinois,* 22 C.C.R. 247; *Finch* vs. *State of Illinois,* 22 C.C.R. 376; *Roberts* vs. *City of Sterling,* 22 Ill. App. (2d) 337, 161 N.E. (2d) 138; *Bolger* vs. *City of Chicago,* 198 Ill. App. 123; *Bollenbach* vs. *Bloomenthal,* 341 Ill. 539, 173 N.E. 670. Claimant has clearly shown, we think, that the road in question was under the control and management of the State, and that the occurrence was such as in the ordinary course of events would not have happened if due care had been exercised by respondent. Claimant has, in our opinion, established a prima facie case of negligence on the part of respondent, thus shifting the burden of proof to respondent. *Roberts* vs. *City of Sterling,* supra; *Bollenbach* vs. *Bloomenthal,* supra; *McCleodus Nel-Co. Corp.,* 350 Ill. App. 216, 112 N.E. (2d) 501. Respondent, having failed to produce any evidence, has failed to rebut the presumption raised by claimant's evidence.

With respect to the amount of damages to which claimant is entitled, there is no dispute as to the necessity for or reasonableness of the expenditures for medical care and hired help in her home. The evidence of her pain and suffering is strong, but there is little evidence of permanent injuries. It is our opinion, then, that an award to claimant in the amount of $750.00 to cover her medical expenses, damages, and pain and suffering is reasonable under all the facts and circumstances.

An award is hereby made to claimant in the amount of $750.00.