Eunice May, Administratrix of Estate of Edward Donald (Ted) May, Deceased, and Jennie May, Appellants, v. Illinois Power Company, Appellee.

Term No. 50–0–9.

Opinion filed January 16, 1951.
Released for publication February 19, 1951.

PHILIP G. LISTEMAN, of East St. Louis, NINIAN M. EDWARDS and N. MURRY EDWARDS, both of St. Louis, Mo., for appellants.

JOHNSON & JOHNSON, of Belleville, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of St. Clair county in favor of appellee, Illinois Power Company, a Corporation (hereinafter called defendant), and against appellants, Eunice May, as administratrix of the estate of Edward Donald (Ted) May, deceased, and Jennie May (hereinafter called plaintiffs).

The action in the circuit court arose by reason of the death of plaintiff's intestate Edward Donald May, who died from the effects of electric shock on December 22, 1947, on the farm belonging to his mother. The deceased and his brother-in-law, Albert Mikalosek, together with Frank Mikalosek, met by arrangement at the farm of the mother of deceased for the purpose of

371

fixing a well pump which was out of order and would not function. The well was covered with a concrete top and the top held the pump in place without other fastenings. The three men attempted to open the pump and get to its cylinder but could not do so, and then began lifting the pump and the attached pipe out of the well so that the assembled pump and pipe could be laid on the ground and repaired. Both the pump and the pipe were made of iron. The pump handle was about three feet in length, and the pipe was about 35 to 40 feet in length. The three men stood on the concrete well top and lifted the assembly by hand with a series of so-called "hoists" by which they would raise it about two feet with each hoist. Following each lift two of the men would hold the assembly to keep it from slipping back while the third man would bend down and take a new hold on the pipe near the level of the concrete. They would all then make another lift. It was indicated by the evidence that they had made about ten hoists and had raised the pump about twenty-one feet in the air. While the deceased and his brother-in-law were standing erect holding the pipe, Frank Mikalosek reached down and took hold of the pipe at about the concrete level. At that particular instant the assembly swayed to the south and the pump slanted toward the line of wires owned by defendant utility. This wire line was what is known as a 6900 volt electric line, with uninsulated wires and other appurtenances, and the line ran east and west from the main line to the house of intestate's mother, a distance of about 2,000 feet. The electric current was conducted through the top wire of two wires, and the lower of the two wires was a neutral wire used for forming a circuit. A transformer was located at the pole next to the house, between the pump and the house, which reduced the voltage to 110–220 volts, which was the amount of current that entered the house. The wires were about

a point seven feet two inches south of the place where the pump had stood on the concrete well top. As the three men attempted to push the assembly, the deceased took one foot off of the concrete and placed it on the ground and as soon as he did so an electric shock hit the men and threw them down. The deceased was unconscious and died from the effects of electric shock. There was no testimony indicating that there was any physical contact between the wire and the pump or pipe. As far as the evidence discloses the pump had been between the two overhead wires.

At the close of all the evidence for the plaintiffs, which disclosed substantially the facts indicated, the court allowed a motion for a directed verdict and directed the jury to return a verdict of not guilty in favor of defendant utility. It was stated by the court below in directing the verdict that, plaintiff had failed to prove negligence on part of defendant, as a matter of law, and that the negligence of the deceased and his friends was the proximate cause of his death.

On appeal in this court the plaintiff contends the court below was in error in directing the verdict of not guilty, and contends that the failure to insulate the wires and to place the transformer on the road and not on the premises was sufficient to establish negligence on part of the defendant, and that the exclusion of certain evidence which would tend to establish such negligence was improper. It is the position of the defendant in this court that the defendant company had no duty to insulate the wires on its entire system, that the negligence which was shown, if any, was not a proximate cause of the death from electric shock of the plaintiff's intestate, and that there was no reversible error in rulings on the evidence.

On the issue of contributory negligence it is the contention of plaintiff that since the evidence did not show that the pipe came in contact with the high-voltage

wires and since there was no evidence of any marks on the pump or burned parts on the pump indicating that the pump had touched the wire carrying 6900 volts of electricity, and since there was evidence that the pump handle was pulled toward the wire as if being pulled by a magnet, that there was no evidence of contributory negligence, as a matter of law.

■ The Supreme Court of this State, and this court, have many times asserted that the essential elements in proving a claim for personal injury or death must be established and that it must be shown that the defendant was guilty of one or more acts of negligence charged in the complaint, that the injury or death was proximately caused by such negligence, and that the injury or death was not brought about or proximately contributed to by a failure on part of plaintiff or plaintiff's intestate to exercise due care for his own safety. A failure to prove any one of such necessary elements authorizes the directed verdict for the defendant (*Dregne v. Five Cent Cab Co.*, 381 Ill. 594, 597; *Beckett v. F. W. Woolworth Co.*, 376 Ill. 470, 476).

■■ Without giving further consideration to the question of negligence on part of defendant and the question of proximate cause, the judgment of the circuit court must be affirmed on the issue of contributory negligence of plaintiff's intestate alone. When the evidence in this case is considered with all reasonable inferences to be drawn therefrom and in its aspect most favorable to plaintiff, it is apparent that plaintiff has failed to prove one of the essential elements in the case, *viz:* that plaintiff's intestate was in the exercise of ordinary care for his own safety (*Austin v. Public Service Co. of Northern Illinois*, 299 Ill. 112; *Illinois Cent. R. Co. v. Oswald*, 338 Ill. 270, 275). Both of the Mikalosek brothers indicated that they knew that the wires were uninsulated and that the wires were bare and shiny. The evidence showed that there were no

objects near the pump, except a wire fence three feet north, and that there were no obstructions of any kind to a clear view of the wires from where the men were standing on the well top. It was apparent that the three men intended to raise a pipe 35 to 40 feet long, entirely out of the well and lay it alongside the fence, that is, they were planning to raise the iron pipe with the heavy pump on top, 35 to 40 feet in the air and at least 15 feet higher than the horizontal line of the electric wires. The fact that the pipe swung in the direction of the wires and exposed the men to electric shock must necessarily have resulted from contributory negligence on part of plaintiff's intestate.

In view of what we have said on the subject of contributory negligence it is unnecessary to discuss other matters referred to in the briefs of the parties. The judgment of the circuit court of St. Clair county will, therefore, be affirmed.

*Judgment affirmed.*

SCHEINEMAN, P. J., and BARDENS, J., concur.