DIANA SHARP, Adm'r of the Estate of Robert Dwayne Sharp, Deceased, Plaintiff-Appellant, *v.* CENTRAL ILLINOIS LIGHT COMPANY, Defendant-Appellee.

Fourth District   No. 14558

Opinion filed January 6, 1978.

Edward F. Casey, of Casey & Casey, of Springfield, for appellant.

John F. Boos, of O'Hern, Wombacher, Moon & Boos, of Peoria, for appellee.

Mr. JUSTICE WEBBER delivered the opoinion of the court:

This appeal presents the oft-vexed and always vexing question as to when what is ordinarily a question of fact for a jury may be exalted into a question of law for a court. We do not plan to offer a categorical answer and, indeed, any such answer, here or elsewhere, would be chimerical.

In the case at bar plaintiff's decedent was assisting in placing a six-inch pipe containing a water pump into a well previously drilled on certain premises in Sangamon County. It was necessary to stand the pipe on end in order to slip it into the well hole. The pipe was 21 feet long and in the process of upending and placement in the hole, it came into contact with an uninsulated 7,500 volt primary distribution electric line owned by

defendant. The 7,500 volt line was 19 feet above ground level. Plaintiff's decedent was electrocuted.

Plaintiff filed suit alleging negligence on the part of defendant in maintaining its said line in close proximity to a residence and in failing to warn of its existence and in failing to keep it at a proper height.

The discovery process was commenced by way of interrogatories and a deposition; defendant filed a motion for summary judgment based on the deposition of Eurias B. Erwin, who was the father-in-law and employer of the decedent at the time of the accident. Erwin was present when the accident occurred. Also, certain photographs were used in support of the motion.

In pertinent part, the deposition stated that Erwin did not see any power lines about the premises; that he did not look for any; that the rig which drilled the well had a boom 33 feet long and he assumed that there was at least this amount of clearance; that on the day of the accident the sun was very bright and this was the reason he did not look up; that he did not recall looking up nor recall the decedent looking up; that even if he did look up, he probably could not have seen the wires for the sun.

The trial court first denied the motion. It was later renewed on the basis of a Third District opinion in *Stambaugh v. Central Illinois Light Co.* (1976), 42 Ill. App. 3d 582, 356 N.E.2d 148, and the court then allowed the motion. The supreme court granted leave to appeal in *Stambaugh* and upon being apprised of this fact, the trial court vacated its order allowing the motion and continued the cause generally pending the supreme court decision. Later, *Stambaugh* was settled and the appeal to the supreme court dismissed. Thereupon, the trial court reinstated the order allowing summary judgment in favor of defendant.

It is thus apparent that the trial court's decision, having once denied the motion, was grounded on *Stambaugh,* and this brings it into collision with our prior decision in *Ploense v. Illinois Power Co.* (1971), 2 Ill. App. 3d 874, 275 N.E.2d 920. Both decisions were by a divided court, thus indicating, if any demonstration be necessary, the delicacy and intricacy of the question presented.

■■■ Certain procedural differences exist between the two cases, but we do not deem them controlling. *Stambaugh* turned on a question of summary judgment (like the case at bar) while *Ploense,* in part, concerned itself with the refusal of the trial court to direct a verdict on contributory negligence after a jury trial. In either case, the end result is a decision as to whether on the facts presented, either by deposition and affidavit or by trial testimony, contributory negligence on the part of the plaintiff or the plaintiff's decedent exists as a matter of law.

In our view, the answer will depend on the particular facts of each case. It is further our view that a strong presumption exists in favor of

submission of the question as a matter of fact to the fact-finder. This is conceded by the *Stambaugh* court wherein the majority says at page 586, "While contributory negligence is preeminently a question of fact\* \* \*."

It is unfortunate that we do not have the guidance of a supreme court opinion in *Stambaugh*. Such an opinion might have resolved the conflicts existing in the electrical wire cases which are extensively cited in both the majority and dissenting opinions in *Stambaugh* and *Ploense* as well as in the briefs of the parties in the case at bar. Typical of the cases holding contributory negligence as a matter of law are *Withey v. Illinois Power Co.* (1961), 32 Ill. App. 2d 163, 177 N.E.2d 254, and *May v. Illinois Power Co.* (1951), 342 Ill. App. 370, 96 N.E.2d 631. *Contra,* holding it a matter of fact, *Stilfield v. Iowa-Illinois Gas & Electric Co.* (1960), 25 Ill. App. 2d 478, 167 N.E.2d 295, and *Humbert v. Lowden* (1944), 385 Ill. 437, 53 N.E.2d 418 (the latter case not involving electrical lines).

The most recent supreme court pronouncement on the failure-to-see questions appreared in *Spring, Executor v. Toledo, Peoria & Western R.R.* (1977), 69 Ill. 2d 290, 371 N.E.2d 621. This involved an automobile-train collision; the jury returned a general verdict for the plaintiff and found the railroad guilty of wilful and wanton misconduct; it also returned a special interrogatory finding plaintiff's decedent guilty of contributory negligence. The trial court set aside the general verdict and held the decedent guilty of contributory wilful and wanton misconduct as a matter of law. The appellate court reversed and the supreme court affirmed the appellate court, saying, "Given the limited visibility and the conflicting testimony regarding the position of the train, the jury could have found that decedent's failure to see the train was not due to a contributory wilful and wanton failure to look. Thus, under the decision in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, it was error to direct a verdict and enter judgment *n.o.v.* for the railroad on this issue." *Spring*, 69 Ill. 2d 290, 293, 371 N.E.2d 621, 622.

While yielding great deference to our brethren of the Third District, we do not believe that they were attempting to lay down an absolute rule in *Stambaugh*. The opinion speaks frequently of the obviousness of the wires: "The undisputed facts also show that these wires were not obstructed and were plainly visible," "wires which were plainly visible," and "which were clearly visible and which posed an obvious danger." *Stambaugh*, 42 Ill. App. 3d 582, 586.

Additionally, and unlike the case at bar, the *Stambaugh* court had the benefit of the deposition of the plaintiff himself. Seeing is preeminently a subjective reaction; no man can say with certainty whether another saw and even if he did, what he saw. Any such conclusions must be drawn from an examination of the surrounding circumstances based on common experience—a typical jury question.

Furthermore, in its concluding paragraph, the *Stambaugh* opinion indicates that it is not attempting any general dogma. It states, "Under the facts and circumstances of the instant case* * *." 42 Ill. App. 3d 582, 587.

■■  Turning then to the case at bar, we are first faced with the familiar rule as restated in *Stambaugh* that "[t]he right of the moving party to summary judgment must be free from doubt and even where there is no dispute in the evidence, if different conclusions may reasonably be drawn from the evidence, it is the province of the jury to draw the conclusion which to them seems most reasonable." 42 Ill. App. 3d 582, 584-85.

■■  Lacking any direct evidence by reason of the untimely death of the decedent, the trial court had to rely on circumstantial evidence as summarized above from the Erwin deposition. This is the chief characteristic of the instant case which distinguishes it from *Stambaugh*. Whether the decedent did see, or should have seen, under all the circumstances, is a matter not free from doubt and different conclusions might be drawn. We are not prepared to say what the answer might be; only that as in *Ploense* the question is one for a jury to resolve.

We do not wish to be understood as saying that all similar cases to this one will of necessity be resolved as matters of fact. Rather, we concur with the *Stambaugh* court that the "facts and circumstances" of each case will control as to whether contributory negligence will be adjudicated as a matter of law or of fact.

The judgment of the circuit court of Sangamon County allowing the motion for summary judgment is reversed and the cause is remanded for further proceedings in accordance with the views expressed in this opinion.

Reversed and remanded.

GREEN, P. J., and REARDON, J., concur.