DOUGLAS L. BINGE, Plaintiff-Appellant, *v.* J. J. BORDERS CONSTRUCTION COMPANY, INC., *et al.*, Defendants-Appellees.

Fourth District   No. 16092

Opinion filed April 16, 1981.—Rehearing denied May 19, 1981.

Burger, Fombelle, Wheeler & Dvorak, P. C., of Decatur, for appellant.

Armstrong, Winters, Prince, Featherstun & Johnson, of Decatur, for appellee Medusa Aggregates Company.

Marshall A. Susler, of Owen, Roberts, Susler & Murphy, of Decatur, for appellee the County of Macon.

Carl R. Miller, of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellee J. J. Borders Construction Company, Inc.

Mr. JUSTICE GREEN delivered the opinion of the court:

On September 24, 1979, the circuit court of Macon County entered judgment on a verdict directed by the court at the conclusion of plaintiff, Douglas L. Binge's, presentation of his evidence. The judgment was in favor of the County of Macon, Medusa Aggregates Company (Medusa), and J. J. Borders Construction Company, Inc. (Borders), all of the defendants in the case, and against Binge, the sole plaintiff.

On appeal, plaintiff maintains the trial court erred in (1) directing a verdict, (2) sustaining objection to plaintiff's presentation of expert testimony of an economist as to damages, (3) permitting defendant to question as to plaintiff's use of alcohol and drugs prior to the occurrence, and (4) permitting a cross-examination of plaintiff's witness that went beyond the scope of his direct examination.

The original complaint was filed by plaintiff on April 22, 1977. Two amendments were added. Plaintiff sought damages for injuries he received on the evening of June 4, 1976, when he was operating his motorcycle on a section of a Macon County highway being improved under a contract between the county and Medusa. Borders was a subcontractor. Plaintiff collided with a barricade. Counts I and II charged operation of a nuisance and were withdrawn by plaintiff. Counts III and IV charged Medusa and Borders, respectively, with negligence. Counts V and VI charged them, respectively, with a wilful and knowing violation of an act referred to herein as the Road Construction Injuries Act (Ill. Rev. Stat. 1975, ch. 121, par. 314.1 *et seq.*). Count VII as amended charged the county with negligence.

The collision occurred on Wyckles Road, a north-south road west of Decatur. The plans for the construction project provided that the area where the collision occurred was to be barricaded at both ends with the barricades to be staggered in such a way that all lanes of traffic would be barricaded but that necessary vehicles could enter the area by going from one side to the other between the gap in the barricades. Evidence was presented from which the jury could have determined that on the night of June 4, barricades were not placed at the south entrance to the area where plaintiff entered at about 10 p.m. with a passenger on the back of the cycle. Plaintiff proceeded in a northerly direction. The evidence was undisputed that plaintiff continuously drove the motorcycle near the center of the road as he proceeded north, but the road had no clearly designated center line. The road was unlighted but undisputed evidence showed that some barricades with flashers were visible on the side of the road indicating that the road was under construction. After traveling a distance stated to be between a quarter to a half mile, plaintiff's motorcycle, while at least 1½ feet left of the center of the road, collided with a barricade. The barricade was not lighted in any way apparent to those approaching, as was plaintiff, from the north. The injuries for which plaintiff sought damages resulted from that collision. Plaintiff testified to being unable to remember any aspect of the occurrence after approaching the area of the construction.

■■ The trial court deemed plaintiff to have been contributorily negligent as a matter of law. We agree. This court has previously stated:

"[A] person whose automobile is on the wrong side of the highway and out of control has a duty to explain such conduct as arising from other than his own negligence." (*Lambdin v. Walter* (1968), 91 Ill. App. 2d 273, 278, 233 N.E.2d 435, 438. Accord, *Sughero v. Jewel Tea Co.* (1967), 37 Ill. 2d 240, 226 N.E.2d 28; *Calvetti v. Seipp* (1967), 37 Ill. 2d 596, 227 N.E.2d 758; *Tomlinson v. Chapman* (1960), 24 Ill. App. 2d 192, 164 N.E.2d 240.)

In *Fishel v. Givens* (1977), 47 Ill. App. 3d 512, 362 N.E.2d 97, this court held contributory negligence to have existed as a matter of law when a plaintiff drove his motorbike around a blind curve in the opposing lane even though there was no indication the vehicle was out of control. Here, although his vehicle was not shown to be out of control, plaintiff was driving his vehicle in the opposing lane in an area obviously under construction and at a speed great enough that he could not stop within the distance of his vision. As in *Givens*, he was driving blind in the wrong lane.

Although we recognize that a strong presumption favors submitting questions of contributory negligence to a finder of fact (*Sharp v. Central Illinois Light Co.* (1978), 55 Ill. App. 3d 1033, 371 N.E.2d 684), we are

unaware of any cases which justify a vehicle being driven along a highway in the wrong lane except when passing or when necessary to avoid another vehicle. (*Andres v. Green* (1955), 7 Ill. App. 2d 375, 129 N.E.2d 430.) None of the other claims of error bore upon evidence relied upon to establish plaintiff's guilt of contributory negligence as a matter of law. Accordingly, under the doctrine of *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504, the trial court properly granted directed verdicts as to the negligence counts.

■■ Under the recent decision in *Vegich v. McDougal Hartmann Co.* (1981), 84 Ill. 2d 461, 419 N.E.2d 918, plaintiff's guilt of contributory negligence was no bar to recovery under counts V and VI charging violations of the Road Construction Injuries Act. Direction of verdicts on those counts was reversible error.

In *Vegich*, summary judgments for the defense in consolidated cases brought under the Act were entered because of the plaintiffs' contributory negligence. The supreme court noted that the Act contained no express requirement that due care on the part of a plaintiff is a condition of recovery. The court then explained that in statutory tort actions brought for wilful conduct or arising under legislation to protect designated classes of people, freedom from contributory negligence had usually not been implied to be a condition of recovery. As section 6 of the Act (Ill. Rev. Stat. 1975, ch. 121, par. 314.6) limited civil suits under the Act to knowing or wilful violations and because persons using the highways and employees of contractors were deemed to be a special class intended to be protected by the Act, the court held a plaintiff's contributory negligence not to bar recovery under the Act.

Section 4 of the Act (Ill. Rev. Stat. 1975, ch. 121, par. 314.4) required any portion of a highway closed to traffic be marked by appropriate signs or barricades. Under the evidence here, the jury could have determined either Medusa, the general contractor, or Borders, a subcontractor, to have been under a duty to have barricaded the south entrance to the construction area and to have knowingly or wilfully failed to do so. The jury could also have found the foregoing conduct to have been a proximate cause of the collision. A new trial must be granted to plaintiff as to counts V and VI.

As plaintiff's possible contributory negligence will not be an issue on retrial, we need not answer plaintiff's claim that the trial court erred in refusing to prohibit introduction of evidence of plaintiff's use of alcohol and drugs prior to the occurrence. Defendants had claimed the evidence to bear on the question of contributory negligence. Similarly, the format of examination and cross-examination of witnesses is likely to differ on retrial. The circumstances surrounding plaintiff's claim that the defense cross-examination exceeded the scope of the direct examination of a

witness are unlikely to reoccur. Accordingly, we need not decide that claim.

The dispute as to the propriety of expert testimony by an economist as to damages is likely to be repeated and requires discussion here. Testimony of an economist, Professor Case Sprinkle of the University of Illinois, was offered by plaintiff. Sprinkle gave one answer in reference to relationships between increase in income and value in present dollars. He was then asked if the making of such calculations was beyond the ken of the average juror and an objection was made by the defense. After lengthy argument, the court sustained the objection stating that the entire field of expert testimony by an economist as to relating projected income to present value was inadmissible. The result of the ruling was to cut off further testimony in the entire area.

■■ Traditionally, expert testimony has not been permitted when its subject matter is not beyond the knowledge and experience of the average juror (*Crump v. Universal Safety Equipment Co.* (1979), 79 Ill. App. 3d 202, 398 N.E.2d 188), but more recently the trend is to permit it if the expert has some special knowledge and his testimony is of aid to the jury even though the average juror would also have some knowledge of the subject matter. (See *Merchants National Bank v. Elgin, Joliet & Eastern Ry. Co.* (1971), 49 Ill. 2d 118, 273 N.E.2d 809; *Miller v. Pillsbury Co.* (1965), 33 Ill. 2d 514, 211 N.E.2d 733; E. Cleary and M. Graham, Handbook of Illinois Evidence §702.4, at 362 (3d ed. 1979); McCormick, Evidence §13, at 30 (2d ed. 1972).) The testimony here was on a subject beyond the ken of the average juror and was of aid to the jury. Most people would not know a formula to reduce projected future income to present value. No Illinois case is directly on point but expert testimony upon such formulas has been admitted in cases without the point being preserved for review. (See *Bunch v. Rose* (1973), 10 Ill. App. 3d 198, 293 N.E.2d 8.) We do not know what particular questions might have been asked here, but we caution that in *Allendorf v. Elgin, Joliet & Eastern Ry. Co.* (1956), 8 Ill. 2d 164, 133 N.E.2d 288, the court indicated that experts demonstrating such formulas should not make projections based upon figures introduced into evidence but should use hypothetical figures. That court feared use of actual figures might cause the jury to give undue weight to the figure projected.

For the reasons stated we affirm the judgments entered on the verdicts for defendants as to all counts except counts V and VI. We reverse the judgments as to the latter counts and remand to the circuit court of Macon County for a new trial thereon.

Affirmed in part; reversed in part; remanded for a new trial.

CRAVEN and MILLS, JJ., concur.