RANDALL G. ROWE, Plaintiff-Appellant, v. ILLINOIS POWER COMPANY, Defendant-Appellee.

Third District    No. 3—86—0333

Opinion filed April 6, 1987.

White, Marsh & Mueller, of Ottawa (Robert E. White, of counsel), for appellant.

Anthony C. Raccuglia & Associates, of Peru (Louis L. Bertrand, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-appellant, Randall Rowe (Rowe), filed a multi-count complaint against the defendant-appellee, Illinois Power Company (Illinois Power), alleging negligence, wilful and wanton conduct, strict liability, and violations of the Illinois Structural Work Act (Ill. Rev. Stat. 1981, ch. 48, par. 60 *et seq.*), the Illinois Public Utilities Act (Ill. Rev. Stat. 1981, ch. 111⅔, par. 1 *et seq.*), and rules of the Illinois Commerce Commission. The circuit court of La Salle County dismissed the Structural Work Act and strict liability counts for failure to state a cause of action and, following the close of the plaintiff's case as to the remaining counts, the court directed a verdict in favor of the defendant and against the plaintiff. This appeal follows as to all counts except the product liability count, which has not been appealed.

Rowe, together with two other individuals, purchased a warehouse building in Marseilles. During the morning of October 1, 1979, Rowe telephoned the Ottawa office of Illinois Power and informed an employee that he had purchased the building and that he wanted to know how to go about obtaining electrical service for it. He was told he needed to fill out a credit application at the company's Ottawa office and that the company needed a service number from the building. The next morning, Rowe went to the building but was unable to locate a service number. Later that same morning, Rowe visited the Ottawa office of Illinois Power, where he talked with a customer service representative, Janet Anderson. Rowe told Anderson there was no electric meter at the building and the cutoffs at the top of the utility pole feeding into the building were open. After checking computer records using information supplied by Rowe, Anderson indicated she would need additional information to tell exactly what the current status of the electrical supply to the building was and stated that if Rowe did not have a service number she would have to send someone out to check for one.

After leaving this office, Rowe called Illinois Power's La Salle office, but no one could be of assistance to him at that time. He subsequently received a call from an employee at the La Salle office who indicated he had contacted another company employee in Marseilles who was instructed to meet Rowe at the building after lunch that same day. Rowe and three other men arrived at the building at approximately 12:30 p.m. Upon arrival, Rowe checked the fuse boxes inside the building, found the fuses to be intact and drew the conclusion there was no power being supplied to the building.

Rowe subsequently secured a roller ladder, moved it to the outside of the building and climbed onto the roof of the shorter of two adja-

cent buildings near a utility pole owned by Illinois Power. Located on the pole was a platform large enough for a man to stand on. He noticed numbers affixed to both the pole and certain transformers located on it. Rowe decided to climb the pole in order to secure the numbers so as to inform Illinois Power of them. While he was on the pole he noticed there were fuse switches which were open. He hit the open switch, intending to close it, to see whether or not it would supply electricity to the building. The closure of the switch did, in fact, energize the building and while attempting to descend the pole, Rowe came into proximity with newly energized power lines at the top of the pole, causing a flashing of light and explosion. Rowe was then thrown through the air, landing face down on the roof of the small building. As a result of the occurrence, Rowe received permanent injuries including the loss of a kidney, his spleen, his right large toe, and two toes on his left foot.

Thereafter, Rowe filed a five-count complaint against Illinois Power. Count I alleged Illinois Power was negligent in (1) maintaining its electrical distribution system; (2) failing to properly maintain its records; and (3) instructing Rowe to check and examine electrical fuses and search for an identification number near a known danger. Count II was based upon violations of the Public Utilities Act and rules and regulations of the Illinois Commerce Commission. Count III was based upon the theory of willful and wanton violation on the part of Illinois Power (1) in the maintenance of its electrical distribution system, (2) in its failure to maintain proper record keeping and (3) in its instructions to Rowe. Count IV was based upon violations of the Structural Work Act. Finally, count V was based upon the theory of product liability.

The trial court dismissed the Structural Work Act and product liability counts for failure to state a cause of action. The matter proceeded to trial and, following the close of Rowe's case in chief, the court directed a verdict as to the remaining counts in favor of Illinois Power and against Rowe. In so ruling, the court indicated Illinois Power owed no duty to Rowe because the occurrence was unforeseeable. We affirm.

■■ ■ We first address the issue of whether the trial court erred in directing a verdict in favor of Illinois Power and against Rowe as to counts I, II and III of Rowe's complaint. A trial judge may direct a verdict only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on such evidence could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37

Ill. 2d 494, 510, 229 N.E.2d 504.)

At trial, plaintiff set forth three theories which were decided against him, namely, common law negligence, willful and wanton conduct, and violations of the Public Utilities Act. A plaintiff is entitled to recover only by proving each element of a negligence action, to wit: (1) the existence of a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) an injury proximately resulting from the breach. (*Neering v. Illinois Central R.R. Co.* (1943), 383 Ill. 366, 50 N.E.2d 497.) A plaintiff's failure to prove any one of these necessary elements authorizes a directed verdict for the defendant. (*May v. Illinois Power Co.* (1951), 342 Ill. App. 370, 96 N.E.2d 631.) The determination of a legal duty is a question of law to be determined by the trial court. (*Barnes v. Washington* (1973), 56 Ill. 2d 22, 305 N.E.2d 535.) In order for a legal duty to exist upon which to predicate liability, the existence must be reasonably foreseeable. *Clinton v. Commonwealth Edison Co.* (1976), 36 Ill. App. 3d 1064, 344 N.E.2d 509.

■■ Evidence most favorable to Rowe indicates he was asked to locate a service number. We cannot say that it is reasonably foreseeable for anyone at Illinois Power to believe Rowe would climb a utility pole to locate such a number. Additionally, the last communication or, if you will, instruction, from Illinois Power to Rowe was that an employee would come to the building to locate the number. Therefore, we believe the trial court correctly directed a verdict as to the negligence and willful and wanton counts.

■■■ Next we must consider the count alleging a violation of the Public Utilities Act. Ordinarily, a defendant's violation of a statute designed to protect human life or property is *prima facie* evidence of negligence. (*Davis v. Marathon Oil Co.* (1976), 64 Ill. 2d 380, 356 N.E.2d 93.) In order to recover, plaintiff must show that the violation of the statute proximately caused his injury and that the statute was intended to protect a class to which the plaintiff belongs from the kind of injury he suffered. (*Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 117 N.E.2d 74.) Since the violation is only *prima facie* evidence of negligence, defendant may prevail by showing that it acted reasonably under the circumstances. (*Johnson v. Pendergast* (1923), 308 Ill. 255, 139 N.E. 407.) We do not believe the proximate cause of Rowe's injuries was the result of any alleged violation of the statute and accordingly agree with the directed verdict as to this count.

■■ Finally, Rowe contends the trial court erred in dismissing the Structural Work Act violation count. Rowe alleged in his complaint that Illinois Power (1) willfully failed to provide the scaffold with

guards to isolate it from current-carrying parts of electrical supply lines; and (2) wilfully failed to provide guards to isolate the means of ascent and descent from the scaffold from current-carrying parts of electrical lines.

A cause of action will not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved under the pleadings which will entitle the plaintiff to recover. (*Louis v. Barenfanger* (1967), 81 Ill. App. 2d 104, 226 N.E.2d 85.) The Structural Work Act provides, *inter alia*, that the party seeking to be covered under the Act must show he was employed in, or passing under or by, a structural activity. (Ill. Rev. Stat. 1985, ch. 48, par. 60.) It is obvious from the facts of this case that Rowe is not a party who may enjoy the benefits of this statute, and we decline to disturb the trial court's decision dismissing this count of the complaint for failing to state a cause of action.

For the foregoing reasons, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

HEIPLE and WOMBACHER, JJ., concur.