## BOARD OF COMMISSIONERS OF THE COUNTY OF HARRISON v. BLINE.

[No. 5,307.    Filed January 3, 1905.]

1. COUNTIES.—*Voluntary Services.—Liability.*—Where the clerk of the circuit court, without authority from the board of commissioners, hires persons to do janitor service for his office, paying them therefor, such expenditures were voluntary, and there being no statute on which to found such claim, it constitutes no liability as against the county, the mere beneficial character of the service not being sufficient to support such claim.   p. 352.
2. SAME.—*Board of Commissioners.—Clerk.—Agency.*—The clerk of the circuit court is not an agent of the board of commissioners, and pay for services in doing janitor work at the request of such clerk alone can not be enforced against the county, although such board might, in their discretion, have contracted for such services. p. 353.

From Harrison Circuit Court; *C. W. Cook,* Judge.

Action by Charles A. Bline against the Board of Commissioners of the County of Harrison.   From a judgment for plaintiff, defendant appeals.   *Reversed.*

*R. S. Kirkham,* for appellant.
*William Ridley,* for appellee.

COMSTOCK, C. J.—1.   Appellee, as clerk of the Harrison Circuit Court, filed his claim against appellant for cash paid by him to divers persons for cleaning and sweeping out the clerk's office and carrying coal therein.   The board refused to allow the claim, and appellee appealed to the circuit court, in which tribunal appellee recovered judgment for $48.50, the amount of his claim.   The first error assigned, and the only one necessary to consider, questions the sufficiency of the complaint.   The money expended appears to have been entirely voluntary.   Its expenditure was not authorized by the board.   A claim for service against a county can only be founded upon a statute or a contract entered into with the proper officer, acting within the scope of his authority.   The mere beneficial character of the service is not sufficient to support the claim.   *Moon* v. *Board, etc.* (1884), 57 Ind. 176; *Sherfey & Kidd Co.* v. *Board, etc.* (1900), 26 Ind. App. 66.   The sweeping of an office and the carrying in of fuel are only incidents to the office.   In the absence of a contract with a county, the county would be a stranger to the transaction.   *Board, etc.,* v. *Axtell* (1884), 96 Ind. 384.

2.   Within their discretion the board might have contracted for the services rendered, but the clerk is not the agent of the board for making contracts of the character here involved.

The judgment is reversed, with instructions to the trial court to sustain the demurrer to the complaint.