CHRISTINA NOONAN AND MICHAEL NOONAN, RESPONDENTS, v. GREAT ATLANTIC AND PACIFIC TEA COMPANY, APPELLANT.

Submitted May 27, 1927—Decided October 17, 1927.

For the appellant, *Reed & Reynolds*.

For the respondents, *Feder & Rinzler*.

The opinion of the court was delivered by

LLOYD, J. This is an appeal by the Great Atlantic and Pacific Tea Company from a judgment entered against it in the Supreme Court in favor of the plaintiff Christina Noonan in the sum of $5,000, and in favor of her husband, Michael Noonan, for $1,000; both verdicts resting upon the alleged negligence of the defendant in handling its supplies in the form of bottled drinks.

The grounds of appeal which it is necessary to consider are that the trial court improperly applied the doctrine of *res ipsa loquitur,* and also that under that doctrine it imposed a burden on the defendant which it was not called upon to bear. The facts of the case were that the Atlantic and Pacific Tea Company purchased bottled drinks from the Fairmount Bottling Company, and on August 14th, 1925, a bottle of ginger ale purchased from that company exploded in the store of the Atlantic and Pacific Tea Company while being placed in a container for a purchaser, and that the plaintiff Mrs. Noonan, who was in the store making purchases at the time, was injured by this explosion. The learned judge charged not only that the doctrine of *res ipsa loquitur* applied, but declared the effect of that doctrine in this language:

"Taking up first the question of the Atlantic and Pacific Tea Company, in that case the fact of the occurrence, that is, the explosion of the bottle, bespeaks negligence which calls upon the defendant to exculpate itself from the legal inference or presumption of negligence arising therefrom, but it does not necessarily follow that because that doctrine is pleaded that there must be a verdict against the Atlantic and Pacific Tea Company. You note that I said while there was a presumption of negligence that arose from the circumstances of the explosion which calls upon the defendant, the Atlantic and Pacific Tea Company, to exculpate itself from any presumption of negligence, the question thus presented for your consideration is as to whether or not the defendant has exculpated itself, and if you find that there was no negligence on the part of the employes of the tea company, then, of course, there could be no verdict against the defendant."

We think there was error in both aspects of the charge. The doctrine of *res ipsa loquitur* has been a number of times defined and applied, in none better we think than in the case of *Bahr* v. *Lombard*, 53 *N. J. L.* 233, 238, where, in quoting from Smith on Negligence, Justice Garrison, speaking for this court, says:

"In such cases each will depend upon its own facts, with this understanding, that where a certain course of action has been pursued by any person without injury to others, and he, upon changing that course, injures another, the thing [unexplained] speaks for itself that such person has been negligent; or, if something unusual happens with respect to the defendant's property, or something over which he had control, which injures the plaintiff, and the natural inference on the evidence is that the unusual occurrence is owing to the defendant's act, the occurrence, being unusual, is said to speak for itself that such act was negligent."

Justice Garrison then adds:

"It is evident that this phase clearly imports that there must, in each case, be something in the facts that speaks of the negligence of the defendant."

The case has been many times cited with approval both in this and other jurisdictions, and is the settled law of this state. Tested by it, wherein do the facts in the present case bespeak negligence? The conditions here are not unlike those in the case cited. In this case it was an explosion of a bottle of ordinary merchandise; in the Bahr case it was the explosion of a pipe conducting crude oil to refining stills. In the latter the defendant was responsible both for the pipe and the presence of oil in the pipe, but it was held that the explosion did not of itself bespeak negligence. In the present case the bottle of ginger ale that exploded was not the product of the appellant. In the complaint the ginger ale is alleged to have been manufactured and bottled by the Fairmount Bottling Company, a corporation engaged in the business of "manufacturing and bottling beverages with carbonic gas and pressure," and it is further alleged that the appellant, as a customer of the bottling company, purchased and sold the

article in question. In this there was nothing suggesting facts from which negligence could be inferred. It is not indicated that the appellant did anything that it should not have done or that it omitted to do anything that it should have done. The doctrine was therefore not applicable and should not have been submitted to the jury as a correct principle of law for their guidance.

This conclusion makes it unnecessary to consider the further phase of the charge in so far as it pertains to the present state of the proofs, but as the case must go back for further proceedings it is proper to state that even if the rule were applicable the probative force of the doctrine as charged was in conflict with the ruling of this court in the case of *Hughes* v. *Atlantic City Railroad*, 85 *N. J. L.* 212, wherein it was said that "negligence in such a case [*res ipsa loquitur*] may be a permissible inference, but it is not a necessary one." The charge to the jury could only have been understood as an instruction from the court that the facts as presented raised a presumption of negligence from which the defendant could only escape by exculpatory proofs, thus depriving the jury of a right to refuse to accord to the facts themselves an inference of negligence.

The grounds of appeal, based on the refusal to nonsuit the plaintiff or to direct a verdict in favor of the defendant because there was not sufficient evidence of negligence to go to the jury, are not available to the appellant, inasmuch as these questions were necessarily involved in a rule allowed for a new trial, one of the reasons being that the verdict was against the weight of the evidence, and which reason was argued, considered and passed on in the rule to show cause. *Callerall* v. *Otis Elevator Co.*, 103 *N. J. L.* 381.

The judgment is reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.