KEITH CARLSON, Plaintiff-Appellant, *v.* DONALD HUDSON, Defendant-Appellee.

(No. 73-149; 

Third District—May 20, 1974.

Louis E. Olivero, of Peru, for appellant.

Daniel Russell, of Johnson, Martin & Russell, of Princeton, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is a negligence action brought by plaintiff, Keith Carlson, in the circuit court of Bureau County. After trial by jury judgment was entered on the verdict in favor of defendant, Donald Hudson.

■■ Plaintiff Carlson was injured in a fall from a tree while cutting a limb with a chain saw. Plaintiff was on a ladder supplied by defendant Hudson. The tree was located on land rented by defendant and the plaintiff was cutting the limb at the defendant's request. Plaintiff's theory is that defendant breached a duty owed to plaintiff by not warning plaintiff that the ladder which defendant provided had the bottom rung wired, was split and cracked on one side and was nailed together. The circumstances here indicate a possible breach of duty but we cannot say as a matter of law the jury had to find the plaintiff's injury was the result of defendant's negligence. Implicit in plaintiff's own theory of the case are the questions of whether the defect in the ladder was patent or latent, whether in view of the condition any warning was required, and finally, whether it was the condition of the ladder which caused the plaintiff's injury.

The main issue on appeal concerns the admissibility of testimony by defendant's expert, a tree trimmer. Plaintiff's first argument is that the testimony was inadmissible because it was based only on conjecture, and not on facts which were in evidence. Such argument is contrary to the record because it shows the defendant's expert's testimony was based on his examination of defendant's exhibits numbers one, two and three and that he identified from these exhibits an incomplete chain saw cut.

It cannot therefore be said that defendant's expert's testimony was based solely on conjecture.

Plaintiff's next argument is based on the proposition that an expert cannot testify as to an occurrence where there are credible eyewitnesses to that occurrence. As we noted earlier, it is plaintiff's theory that the cause of his injury was defendant's failure to warn him of the defective ladder even though in plaintiff's own testimony the relationship between the ladder and the fall is a matter of inference and not observation. The so-called occurrence witnesses arrived at the scene moments after the incident took place. The plaintiff himself did not see all that happened and his testimony, as well as that of his own expert, indicates that no one actually saw what happened.

The main issue on appeal derives from the proposition that an expert cannot testify as to matters of common knowledge. Plaintiff, relying on *Ficht v. Niedert Motor Service, Inc.*, 34 Ill.App.2d 360, 181 N.E.2d 386, and *Siltman v. Reeves*, 131 Ill.App.2d 960, 269 N.E.2d 728, states the rule to be that experts are not permitted to express their conclusions in matters of common observation in which the lay mind is capable of forming a correct judgment. Defendant argues that the testimony here was not as to a matter of common knowledge and further argues that even if the subject matter here was a matter of such knowledge, they were matters which were difficult to comprehend and explain.

■■ While we recognize the rule that the testimony of an expert is inappropriate when it relates to matters of common knowledge, we are unable to say that the expert's testimony falls within that category in the context of this case. Even if such were the case, the trend of decisions is that an expert may testify as to matters of common knowledge where the expert's testimony would be helpful to the jury. In *Stanley v. Board of Education*, 9 Ill.App.3d 963, 293 N.E.2d 417, the court held: "We think, therefore, the better rule would give a trial judge a wide area of discretion in permitting expert testimony which would aid the triers of fact in their understanding of the issues even though they might have a general knowledge of the subject matter." In the *Stanley* case an 8-year-old boy had been injured while playing in a schoolyard. The issue concerned the question of the safety of the playground. The trial court allowed the testimony by a witness with training and experience in playground supervision and game safety. In *Miller v. Pillsbury Co.*, 33 Ill.2d 514, 211 N.E.2d 733, the court in affirming the judgment of the court below stated: "While there has been a reluctance to permit expert testimony on many matters on the basis that it invades the province of the jury, confuses the issues and usurps the function of the jury, the trend is to permit expert testimony in matters which are complicated and out-

side the knowledge or understanding of the average person, and even as to matters of common knowledge and understanding where difficult of comprehension and explanation. The jury still may accept or reject such testimony."

■■ In the case at bar the testimony of the expert may be considered helpful in determining what was the cause of plaintiff's injury. The subject matter, *i.e.*, the procedure for cutting a limb from a tree, including the use of a ladder in such activity, is of such a nature that an expert's testimony could be helpful and appropriate in determining whether the cause of the plaintiff's injury was the defective ladder, as claimed by plaintiff, or another cause, as claimed by defendant.

For the foregoing reasons, we find no error in the judgment of the circuit court of Bureau County and the judgment is affirmed.

Judgment affirmed.

SCOTT, P. J., and ALLOY, J., concur.