RICHARD A. HAHN, Plaintiff-Appellant, *v.* EASTERN ILLINOIS OFFICE EQUIPMENT COMPANY, Defendant-Appellee.

Fourth District   No. 13256

Opinion filed September 30, 1976.

Kenneth E. Baughman, of Middleton & Craver Law Offices, of Urbana, for appellant.

Harlan Heller and William E. Larrabee, both of Mattoon, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiff filed suit to recover damages suffered when a fire in defendant's building spread to plaintiff's neighboring property. The trial court directed a verdict for defendant and plaintiff appeals.

The issues on appeal are as follows: (1) Whether the doctrine of res ipsa loquitur is applicable to this case; (2) Whether the trial court erred in refusing to permit certain expert testimony; (3) Whether hearsay testimony was erroneously admitted; (4) Whether the trial court erred in permitting a response to a hypothetical question which included a fact not in evidence; (5) Whether the trial court erred in disallowing a hypothetical question based on an alleged theory of plaintiff's case; and (6) Whether the verdict was properly directed. We affirm.

On January 16, 1972, at 1:17 a.m., the Charleston Fire Department responded to a fire in the defendant's building at 725 Seventh Street. Plaintiff owned the property at 723 Seventh Street. The temperature had been below zero for two or three days before the fire. About one hour after the Fire Department's arrival, the fire spread from defendant's to plaintiff's building. Both buildings were totally destroyed.

The fire chief and a deputy State fire marshal inspected the debris. The deputy fire marshal was of the opinion that the fire originated in the furnace located in the basement of the building and specifically in the motor of that furnace. It had not been possible to open up the motor and inspect it because it was badly burnt. A like opinion, that the motor was

the cause of the fire, was expressed by Ronald Russell, an investigator for the Chicago Bureau of Fire Investigation. The motor itself was not introduced at trial, having apparently been misplaced by the Charleston Police Department.

James Nadolski, President of Eastern, testified that the building had contained two furnaces, one in the basement and one on the street level floor. He testified both furnaces were new when installed in 1967. Both were gas, forced air furnaces. The building itself was poorly insulated and leaked air. Nadolski testified that he had personally checked both furnaces, changed filters and oiled the furnace in question periodically. However, he couldn't specifically recall when this was last done. He also testified that he left the building in the middle of the Saturday afternoon before the fire (which was very early Sunday morning) and it was customary practice to turn the thermostats down before leaving. He could not say definitely whether this was done that Saturday.

■■ The basic question presented by this appeal is whether the doctrine of res ipsa loquitur is applicable to this case. Whether the doctrine is applicable is a question of law to be determined by the court. Three conditions are necessary in order that the doctrine be applicable. The first is that the accident be of the kind which does not ordinarily occur in the absence of someone's negligence. The second is that the instrumentality which caused the injury be within the exclusive control of the defendant. The third is that the plaintiff be in the exercise of due care. (*Drewick v. Interstate Terminals, Inc.* (1969), 42 Ill. 2d 345, 348, 247 N.E.2d 877, 879.) Only the first condition is at issue here.

The mere occurrence of a fire is not sufficient to invoke the doctrine of res ipsa loquitur. (*Edmonds v. Heil* (1948), 333 Ill. App. 497, 77 N.E.2d 863.) It is only when the fact of the fire plus the surrounding circumstances give rise to an inference of negligence that res ipsa loquitur is applicable. (Annot., 8 A.L.R.3d 974, 984, 992 (1966).) The doctrine does not relieve the plaintiff of proving that negligence was the cause of the injury (*Mabee v. Sutliff & Case Co.*, (1948), 335 Ill. App. 353, 366, 82 N.E.2d 63, 69-70), although it makes proof of negligence easier.

Plaintiff cites several cases involving fires where res ipsa loquitur was held to be applicable. (*Collgood, Inc. v. Sands Drug Co.* (1972), 5 Ill. App. 3d 910, 284 N.E.2d 406; *Arado v. Epstein* (1944), 323 Ill. App. 194, 55 N.E.2d 561; *Edmonds v. Heil; Oakdale Building Corp. v. Smithereen Co.* (1944), 322 Ill. App. 222, 54 N.E.2d 231.) In each of these cases circumstances beyond the mere occurrence of the fire existed which justified the establishment of a prima facie case of negligence. In *Collgood*, defendant's employees were in the area of defendant's exclusive control to install fixtures. Shortly after their arrival, the fire department responded to an alarm there and found a space heater with

red hot filaments one foot away from a burning box. In *Arado*, defendants and his workmen were the only ones in the basement when the fire started. Under those circumstances the facts of the occurrence was peculiarly within the knowledge of the defendant. In *Edmonds* the fire occurred shortly after the janitor had fired the boiler. According to the testimony the janitor was mistakenly operating the system on "pounds" of pressure rather than "ounces." In *Oakdale*, a fire started within 15 minutes after one of defendant's employees had left the empty apartment.

■■ In the case at bar, the witnesses who testified pinpointed the fire as originating in defendant's furnace. No other circumstances which could raise an inference of negligence were established. Accordingly the trial court was correct in holding that the doctrine of res ipsa loquitur was not applicable. (See *Welch v. New Harper Hotel Co.* (1915), 196 Ill. App. 94.) Plaintiff presented no evidence from which a jury could say that it is more likely than not that negligence was the cause of fire. When no such balance of probabilities in favor of negligence can reasonably be found, res ipsa loquitur does not apply. Prosser, Torts 218 (4th ed. 1971).

On redirect examination of Ronald Russell, the following exchange took place:

"Q. Do you have an opinion within a reasonable degree of scientific certainty what instrumentality caused the fire?
A. The motor itself.
Q. Well, assuming the motor didn't start the fire, based upon the evidence in this case, char marks and everything?
A. I would say the furnace itself.
Q. Now, I want to ask you one more thing. Do you have an opinion based upon your experience and within a reasonable degree of fire investigation certainty whether a furnace fire of this type would not have occurred in the instance if the user of the furnace used ordinary care and maintenance?
MR. HELLER: We object, Your Honor.
THE COURT: Sustained."

Plaintiff argues that it was error to sustain this objection. Defendant argues in part, that it was not error because the ultimate issue addressed was that of the standard of ordinary care. Expert opinion testimony dealing with an ultimate issue of the case is properly admissible. (*Merchants National Bank v. Elgin, Joliet & Eastern Ry. Co.* (1971), 49 Ill. 2d 118, 273 N.E.2d 809.) We can find no support for defendant's proposition that the ultimate issue of ordinary care differs from any other ultimate issue on which expert testimony is available.

■■ However the error committed was not reversible error since it did not effect the outcome of the case. (*Baker v. Baker* (1952), 412 Ill. 511, 107 N.E.2d 711.) (See discussion of the last issue.)

■■ During cross-examination, Nadolski, president of defendant, testified over the objection of plaintiff, that he had been instructed to make sure that the furnaces were always clean. Plaintiff argues that this was prejudicial hearsay. However the statement is not hearsay. The statement was not introduced to prove the truth of the matter asserted therein (*i.e.*, that the furnaces were cleaned) but to show knowledge or notice of the circumstance that furnaces must occasionally be cleaned. McCormick on Evidence §249, at 591 (2d ed. 1972).

The next issue is whether the trial court erred in permitting a response to a hypothetical question which included facts not in evidence. On cross-examination, Russell testified over objection, as to the effect of a thermal protection device on a furnace when a fire starts.

■■ An expert may be permitted to answer hypothetical questions based upon facts not in evidence upon the guarantee that such facts will subsequently be adduced in evidence, but this is a very undesirable practice. (*Gibson v. Healy Brothers & Co.* (1969), 109 Ill. App. 2d 342, 248 N.E.2d 771.) In the case at bar, defense counsel did not guarantee nor was any evidence ever offered to show that thermal protection devices were attached to the furnace. Therefore it was error to allow such factors to enter into the hypotheticals. However since the error did not prejudice the plaintiff (as discussed in the last issue), it is not reversible error.

■■ The next issue is whether the trial court erred in disallowing a hypothetical question based on an alleged theory of plaintiff's case. The question at issue grew out of these circumstances. The president of defendant testified that there had existed a dust problem in the basement when the company first moved in because 20% of the floor was dirt and the building had been unused. Filter changes were required because of the dirt. On cross-examination, Russell, the fire investigator, had testified that the combustible materials in the motor would not, by themselves, support a fire sufficient to ignite the building. On redirect, plaintiff attempted to ask whether Russell had an opinion within a reasonable degree of fire investigation certainty as to whether any dust around the furnace together with a flame from the motor would have been sufficient to kindle the fire. The court sustained defendant's objection to the question. Even assuming it was error to sustain the objection, it was not reversible error because plaintiff had otherwise failed to establish a prima facie case, as discussed below.

We have determined that plaintiff failed to establish his theory of res ipsa loquitur. The remaining question therefore is whether the verdict was properly directed under the *Pedrick* rule, that is, whether all the evidence, when viewed most favorably to plaintiff, so overwhelmingly favors defendant that no contrary verdict could ever stand.

Byron Emerick testified that the motor had caused the fire. He also

testified that in his report, filed in the course of his duties, he stated that this conclusion would be very hard to prove, pro or con, to a reasonable degree of scientific certainty.

Ronald Russell, an experienced fire investigator who had never seen the motor, furnace or fire debris, first said, after statement of the hypothetical that his opinion would be based on some possibilities that haven't been covered. Even though no other facts were added, Mr. Russell then stated his belief that the motor was the cause of the fire. He also stated that this could have been caused by a deficiency in the bearings, by too much load on the motor itself, or by improper ventilation in combination with the presence of oil or something. It is fully apparent from the record that this testimony is sheer guess or conjecture. Even experts are not permitted to base their opinions on mere conjecture. (*Schwartz v. Peoples Gas Light & Coke Co.* (1962), 35 Ill. App. 2d 25, 181 N.E.2d 826.) This conclusion is reinforced by the first reaction of the witness which was that the hypothetical facts, as given him, were insufficient in themselves upon which to base an opinion.

■■ Looking at the evidence most favorable to plaintiff, it can be said that he has established that the fire started in defendant's furnace and in the motor of that furnace. Nothing beyond that is established as plaintiff himself acknowledges in his brief. Accordingly since plaintiff had not introduced any evidence which showed defendant to have been negligent, the verdict was properly directed.

Affirmed.

TRAPP, P. J., and CRAVEN, J., concur.