Debbie BRIAR and Douglas Briar, on Behalf of their minor child, Appellants–Plaintiffs,

v.

ELDER–BEERMAN DEPARTMENT STORE, INC. and Design In Mind, Inc., Appellees–Defendants.

No. 89A01–9403–CV–97.

Court of Appeals of Indiana, First District.

Dec. 27, 1994.

Transfer Denied April 13, 1995.

Tracy J. Newhouse, Rushville, for appellants.

Karl L. Mulvaney, Robert G. Weddle, Bingham, Summers, Welsh & Spilman, Indianapolis, for appellees.

## OPINION

BAKER, Judge.

In this appeal, we examine what is necessary to survive summary judgment in a res ipsa loquitur case. Appellant-plaintiffs Debbie and Douglas Briar, on behalf of their minor child (the Briars), challenge the trial court's grant of summary judgment in favor of appellee-defendant Elder–Beerman Department Store, Inc. (Elder–Beerman), in the Briars' personal injury action.

### FACTS

On December 1, 1990, the Briars were shopping with their minor daughter, Amy, in the Elder–Beerman Department Store in Richmond, Indiana. The Briars allege that while in the store, Amy touched a Plasma F–X Lamp display and suffered an electric shock. The Briars filed suit against Elder–Beerman to recover damages for medical

expenses incurred as a result of the shock.[1] In their amended complaint, the Briars advanced three theories for recovery: res ipsa loquitur, negligence, and strict liability. To support their claims, the Briars hired an expert to examine the lamp. However, the expert's report indicated that there was no causal link between the operation of the lamp and Amy's injury. Record at 70–71.

Thereafter, pursuant to Ind.Trial Rule 36, Elder–Beerman served a request for admissions on the Briars asking them to "[a]dmit or deny that [the Briars] cannot identify the instrumentality which [they] claim to have caused [Amy's] injuries." R. at 93–94. The Briars answered: "ADMIT. This is a res ipsa loquitur case." R. at 94. In response to the Briars' admission, Elder–Beerman filed a motion for summary judgment alleging that the Briars could not demonstrate the necessary elements to invoke the doctrine of res ipsa loquitur. In support of its motion Elder–Beerman relied on the Briars' admission that they did not know the cause of the injury and the expert's report opining that the lamp could not have caused the shock.

The Briars filed a memorandum in opposition to Elder–Beerman's motion for summary judgment arguing that they had satisfied the elements of res ipsa loquitur. They did not contest summary judgment on the negligence and strict liability claims. In support of their res ipsa loquitur claim, the Briars relied on two of Elder–Beerman's answers to interrogatories. These answers are as follows:

Are electrical shocks and injuries common at [Elder–Beerman]?

ANSWER: [Elder–Beerman] objects to this interrogatory in that it is over broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, electrical shocks are not "common" at the Elder–Beerman store in question.

Was the product, shelves or building under the control of [Elder–Beerman] or its agents or employees during the time in question?

ANSWER: Yes.

R. at 122.

After a hearing, the trial court granted summary judgment in favor of Elder–Beerman finding that the Briars' admission that they could not identify the instrumentality that caused Amy's injuries was fatal to their res ipsa loquitur cause of action. The court stated:

The Court has carefully read and considered all pleadings properly before it. The Court has been further informed by [the Briars] that their sole theory of relief is based upon a proposed application of the doctrine of res ipsa loquitur.

Being duly advised, the Court finds that as a result of [the Briars'] response to [Elder–Beerman's] Trial Rule 36 request for admission, it has been conclusively established for purposes of trial that "[the Briars] cannot identify the instrumentality which [they] claim to have caused [Amy's] injuries." The Court therefore finds that there is no genuine issue of material fact regarding this required element of the doctrine of res ipsa loquitur and that [the Briars are] unable to prevail upon this theory and that [Elder–Beerman] is entitled to summary judgment as a matter of law.

It is understood by all parties and the Court that [the Briars'] case will rise or fall upon their ability to invoke the doctrine of res ipsa loquitur. It would appear self evident that as a pre-requisite to establishing exclusive control [the Briars] must, of necessity, establish and identify the actual instrumentality which caused the injury.

R. at 149–51.

## DISCUSSION AND DECISION

 The Briars contend that the trial court erred in granting summary judgment because they satisfied the requirements for applying the doctrine of res ipsa loquitur. A trial court's grant of summary judgment arrives on appeal clothed with presumptive validity. *Rosi v. Business Furniture Corp.*

---

1. The Briars also sued the manufacturer of the lamp, Design in Mind, Inc., who was subsequent- ly dismissed by the trial court and is not a party to this appeal.

(1993), Ind., 615 N.E.2d 431, 434. A court on appeal stands in the same position as the trial court when reviewing a summary judgment motion. *Wolf Corp. v. Thompson* (1993), Ind.App., 609 N.E.2d 1170, 1172. Summary judgment shall be granted if the designated evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). When reviewing the motion, the court considers all designated pleadings, affidavits, depositions, and answers to interrogatories, drawing all reasonable inferences therefrom in favor of the non-moving party. *Rosi*, 615 N.E.2d at 434. Where there is no evidence on one element of a claim, summary judgment is proper. *Chester v. Indianapolis Newspapers* (1990), Ind.App., 553 N.E.2d 137, 141, *trans. denied.*

▉ The doctrine of res ipsa loquitur is a rule of evidence whereby an inference of negligence can be drawn under certain factual circumstances. *Brinegar v. Robertson Corp.* (1990), Ind.App., 550 N.E.2d 812, 814, *trans. denied.* The central question involved in the use of the res ipsa loquitur doctrine is whether the incident more probably resulted from the defendant's negligence rather than some other cause. *K–Mart Corp. v. Gipson* (1990), Ind.App., 563 N.E.2d 667, 669, *trans. denied.* The doctrine may be applied when the plaintiff establishes: 1) that the injuring instrumentality was within the exclusive management and control of the defendant or its servants; and, 2) the accident is of the type that does not ordinarily happen if those who have the management and control exercise proper care.[2] *Id.*

The Briars argue that they satisfied these elements and, thus, summary judgment should not have been granted in favor of Elder–Beerman. The Briars rely on Elder–Beerman's answers to interrogatories in which the store admitted that the lamp, shelves, and building were under the exclusive control of Elder–Beerman, and that electrical shocks do not normally occur in Elder–Beerman's store in the absence of negligence.

Elder–Beerman asserts that their answers to interrogatories cannot be used to establish the elements of res ipsa loquitur because the Briars failed to file the answers with the trial court and, instead, only designated them in their memorandum in opposition to summary judgment by providing a copy thereof. Elder–Beerman posits that the trial court can only consider those pleadings, answers to interrogatories, and depositions that have been formally filed in the trial court. Appellee's Brief at 3. We disagree.

▉ Ind.Trial Rule 5(D)(2)(b) specifically precludes answers to interrogatories from a filing requirement, unless a party so requests and the court, in response, orders the filing. Further, Ind.Trial Rule 56(C) [3] does not require that documents supporting motions or responses to motions for summary judgment be filed.[4] Rather, it only requires that a

---

**2.** We note that some case law requires, as a third element for the application of res ipsa loquitur, the absence of plaintiff's negligence. However, in *K–Mart* the court noted this difference and held that with the advent of comparative fault, unless the plaintiff was more than 50% at fault in the incident, his negligence will not prevent the application of the doctrine. 563 N.E.2d at 669, n. 3. Our research reveals no other cases discussing this third element requiring the absence of plaintiff's negligence in the context of comparative fault. However, since Elder–Beerman states in its brief that it does not allege incurred risk or contributory negligence on the part of the Briars, we consider only the first two requirements in determining whether the doctrine of res ipsa loquitur applies.

**3.** Prior to January 1, 1991, the former T.R. 56(C) provided that the court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, admissions and affidavits filed pursuant to Ind.Trial Rule 5(D)" support the determination. The current rule does not include the language "filed pursuant to Trial Rule 5(D)"; however, T.R. 5(D) is still applicable. Thus, our analysis under the new and old rule is the same since T.R. 5(D) applies to both versions and does not require filing unless it is requested by a party and ordered by the court.

**4.** We note that motions for summary judgment and responses thereto must be filed with the trial court. Ind.Trial Rule 5(E)(1) provides that filing can be achieved by delivering documents to the clerk of the court. Inasmuch as a copy of Elder–Beerman's answers to interrogatories were included in the Briars' memorandum in opposition to summary judgment and delivered to the clerk of the court, the memorandum was properly filed and the answers were adequately designated pursuant to T.R. 56(C).

party *designate* to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters upon which it relies for purposes of the motion.

■ Here, neither the Briars nor Elder–Beerman sought a court order requiring that the answers be filed. Thus, filing was not necessary and the designation of the answer in the Briars' memorandum was sufficient to permit the trial court to· consider these answers for res ipsa loquitur purposes. Were we to hold as Elder–Beerman requests and require the filing of all interrogatories and answers thereto, our trial courts' files would become overburdensome and violate the spirit of T.R. 5(D). We observe, though, that the better practice anticipated by T.R. 5(D) is that if a party is going to rely on answers to interrogatories to support or defeat a motion for summary judgment, the party should file the answers upon which it relies separately from its memorandum in support of or in opposition to summary judgment. Then, in its memorandum, the party should specifically designate the number of the interrogatory answer that supports its contention.

■ Although the answers to interrogatories appear to satisfy the elements of res ipsa loquitur, Elder–Beerman argues, and the trial court held, that the Briars failed to establish the instrumentality that caused the injury which is also a requisite element of the doctrine. *See Brinegar*, 550 N.E.2d at 816. The trial court based its grant of summary judgment on the Briars' response to Elder–Beerman's request for admissions in which the Briars admitted that they could not identify the instrumentality that shocked Amy.

Trial Rule 36(B) provides that admissions are conclusively established for purposes of the cause of action in which they are made. *F.W. Means & Co. v. Carstens* (1981), Ind.

App., 428 N.E.2d 251, 257. However, fairness demands that when a request for admission propounds a statement of fact which lacks clarity, is ambiguous, or which otherwise might mislead the answering party, the requesting party must bear any error made in the response. *Id.* Viewed in the light most favorable to the Briars, we find that the circumstances show that the Briars misinterpreted Elder–Beerman's request. The request asked the Briars to admit or deny that they could not identify the instrumentality causing the injury, to which they responded, "ADMIT. This is a res ipsa loquitur case." R. at 93–94. However, the record shows that the Briars did allege that the lamp display was the instrumentality causing Amy's injury. The Briars' complaint alleged that Amy suffered an electrical shock from a "Plasma Fix (sic) Lamp or other electrical device within the control of [Elder–Beerman]." R. at 38. Additionally, in the Briars' memorandum in opposition to summary judgment, they assert that, "[a]s a result of touching the Plasma F–X Lamp Display, [Amy] suffered an electrical shock." R. at 120. Further, in one of their interrogatories the Briars specifically ask if Elder–Beerman had control not only of the lamp but over the shelves of the display and the building. Moreover, Debbie and Amy opine, in their affidavits attached to the memorandum, that the lamp display caused the injury.[5] R. at 128–31.

Because the Briars did in fact allege that the lamp, display, or something associated with the display caused the injury, it would be nonsensical for them to then admit that they did not know what instrumentality caused the injury. They attempted to qualify their admission by stating it was a res ipsa loquitur case. The Briars, in responding to the request, were admitting that they did not know the *manner* in which the lamp display

---

5. Elder–Beerman cites *Gaboury v. Ireland Road Grace Brethren, Inc.* (1983), Ind., 446 N.E.2d 1310, 1314, for the proposition that the Briars' affidavits stating that the lamp display caused the injury cannot be used to defeat summary judgment where the Briars previously admitted that they could not identify the instrumentality that caused the injury. *Id.* (an affidavit contradicting a previous sworn statement cannot be used to create an issue of fact to defeat summary judg-

ment). This contention is correct. However, since we find that the Briars' admission was only to the fact that they could not identify the manner in which the lamp display caused the injury, the affidavits do not contradict the admission.

Even if we were to assume that the affidavits were contradictory and could not be used to defeat summary judgment, there is other evidence of record showing that the Briars did designate the instrumentality causing the injury.

caused the injury, and not that they could not identify the instrumentality.

Furthermore, we observe that in *Vogler v. Dominguez* (1993), Ind.App., 624 N.E.2d 56, 62, *trans. denied,* this court allowed the plaintiff to proceed on the doctrine of res ipsa loquitur where the specific instrumentality of Vogler's injury was unknown. Vogler had undergone surgery to repair a cerebrospinal fluid leak. Following surgery, Vogler experienced loss of motor function and pain in his left arm which was subsequently diagnosed as a stretch injury to the nerves. Vogler sued the hospital and surgeon for medical malpractice alleging that they negligently manipulated his body while he was undergoing surgery. Although Vogler did not know the specific instrumentality that caused his injury, the court allowed him to plead res ipsa loquitur because Vogler had designated several alternatives which also could have caused the injury and were within the exclusive control of the hospital. The court stated:

> The evidence designated by the Voglers points to at least one specific instrumentality, in addition to the person of Mr. Vogler, over which the hospital employees shared the right or ability to control, namely the Mayfield head frame affixed to the operating table. Thus, the court held the evidence designated by the Voglers sufficiently reduces the likelihood that the nerve injury had some cause in fact other than the manner in which he was positioned during surgery and affords a rational basis for concluding that the cause of the nerve injury more probably than not involved an instrumentality over which the hospital had a right or ability and opportunity to exercise control.

The present case is similar to *Vogler* in that the Briars admitted they did not know the exact cause of the shock; however, they did assert different instrumentalities within Elder–Beerman's control which could have caused the injury. As discussed previously, the Briars sufficiently alleged that the lamp, display, or other part of the display apparatus shocked Amy. Thus, as in *Vogler,* the Briars have designated alternatives that could have caused Amy's injuries.

The doctrine of res ipsa loquitur is designed to allow an inference of negligence and proof of the specific cause of injury is not required. *Id.* at 62. In fact, a number of different causes or inferences may be left to the final determination of the trier of fact. *Id.* Here, the Briars were only required to show that Elder–Beerman was responsible for all reasonably probable causes to which the accident could be attributed. *See id.* Since Elder–Beerman admitted that the entire display was within its control at the time of the injury and that electrical shocks from lamp displays do not ordinarily occur in the absence of negligence, the elements of res ipsa loquitur have been satisfied and the trial court's grant of summary judgment was erroneous. Accordingly, we reverse the trial court's decision and remand for a trial on the issue of res ipsa loquitur.

We note that the Briars' complaint also claims relief based upon theories of negligence and strict liability; however, we are remanding for a trial only on the issue of res ipsa loquitur. The Briars abandoned these other claims by not asserting them in their memorandum in opposition to summary judgment, by informing the trial court that they were proceeding only on a res ipsa loquitur theory, and by failing to cite cogent authority supporting their argument in their appellate brief. *See* Ind.Appellate Rule 8.3(A)(7).

Judgment reversed and remanded.

ROBERTSON, J., concurs.

HOFFMAN, J., dissents with separate opinion.

HOFFMAN, Judge, dissenting.

I respectfully dissent.

In order to establish "res ipsa loquitur," the cause (the thing or instrumentality which causes the injury) must be identified. It cannot be unknown. *Brinegar v. Robertson Corp.* (1990), Ind.App., 550 N.E.2d 812, *trans. denied.*

Allegations in the complaint or statements by the parties' counsel in the memorandum, which are contrary to answers contained in the interrogatories, are not enough to raise a

genuine issue of material fact. The majority uses these to show an inference of an issue.

I would affirm the trial court.